AUGUSTUS HEMENWAY *versus* ALVIN CUTLER.

Erections made by one occupying land under a bond for a deed are to be regarded as real estate, and are not removable by the occupant as personal property.

If a building is excluded from a levy, on the supposition that it is personal property, when in fact it is a part of the realty, the levy is void.

ON REPORT from *Nisi Prius*, RICE, J., presiding. WRIT OF ENTRY, upon facts stated in the opinion.

*B. Bradbury*, for demandant.

*Granger & Walker*, for tenant.

The opinion of the Court was drawn up by

ˑAPPLETON, C. J.—The levy, under which the demandant claims, was made upon the demanded premises as the real estate of William Hicks, in whom the title appeared by the record to be. But Hicks had, many years before, conveyed his interest in the same to Thomas Murray, by an unrecorded deed, from whom the title passed, by various mesne conveyances, to one Jones, who gave a bond for a deed to the tenant.

The tenant, Cutler, having a bond for a deed, entered into the occupation of the premises in dispute and, while so in occupation, erected a barn thereon, which is specially excepted from the levy as personal property belonging to him. If the barn is to be deemed personal property, it was rightfully excepted. If it was real estate, or belonged to the realty, the levy was erroneous, for it is manifest that its value was excluded from the estimate of the appraisers. A creditor cannot, by making a levy, change the character of his debtor's estate and convert a part of it into personal property, by taking the land under the buildings and leaving the buildings as personal estate. *Grover* v. *Howard*, 31 Maine, 546; *Jewett* v. *Whitney*, 43 Maine, 243.

It is well settled that erections made by a mortgager, or one occupying land under a bond for a deed, are to be regarded as real estate, and are not removable by the occupant as personal property. *Corliss* v. *McLagin*, 29 Maine, 115; *Butler* v. *Page*, 7 Met., 40; *King* v. *Johnson*, 7 Gray, 239: *Winslow* v. *Merchants' Ins. Co.*, 4 Met., 306.

As between Cutler and Jones, the barn must be deemed as permanently a part of the realty.

Erections made voluntarily and without a contract, or without the consent of the owner, become part of the real estate and enure to the benefit of the owner of the fee. *Pierce* v. *Goddard*, 22 Pick., 559; *Sudbury* v. *Jones*, 8 Cush., 189.

As between Cutler and Hicks, if the latter was the owner

of the soil, the former could not claim the barn as personal property.

But it is argued that the tenant held adversely to Hicks and would therefore be entitled to betterments. This may be true, but, if so, it does not give the tenant the right of removal, or make the erections by him personal property. They are part of the realty, for which the owner of the fee must pay, if, in a suit for the recovery of his land, he makes an election so to do. If the demandant elects to abandon, they, as a part of the realty, belong to the tenant upon his payment of their estimated value. If, after an abandonment by the demandant, the tenant fails to pay the estimated value of the land, within the time and according to the provisions of the statute, then the improvements pass to and vest in the owner of the fee. In no event are they to be regarded as personal property, even when the tenant is evicted without suit. R. S., 1857, c. 104. In that case, the tenant may recover the value of his improvements, but they are a part of the realty and belong to the owner of the fee. The remedy of the tenant is by suit, and not by removing such of his improvements as may be removable.

In any aspect of the case, as presented, the barn erected by the tenant, on the land in controversy, cannot be regarded as his personal property. The levy therefore was erroneous, by excluding its value from the appraisement.

*Plaintiff nonsuit.*

CUTTING, DAVIS, KENT, DICKERSON and BARROWS, JJ., concurred.