Easter *v.* Fleming *et al.*

<hr />

No. 7658.

EASTER *v.* FLEMING ET AL.

PERSONAL PROPERTY.—*Conversion.*—*Right of Possession.*—In an action to recover for the conversion of public property, the plaintiff must show a right of possession in himself at the time he began his action.

SAME.—*Action to Recover.*—*Title.*—In actions for the recovery of personal property, the plaintiff must recover on the strength of his own title, and not upon the weakness of his adversary's.

SAME.—*Sheriff's Sale.*—If a claimant of personal property has no title thereto, he can not recover it from one in possession claiming title by virtue of a sheriff's sale, although the sale was irregular.

From the Clay Circuit Court.

*S. W. Curtis, E. S. Holliday* and *J. A. McNutt,* for appellant.

*G. A. Knight* and *C. H. Knight,* for appellees.

ELLIOTT, C. J.—Counsel have discussed only one of the errors alleged, and that is the one assigned upon the ruling refusing a new trial.

The evidence is conflicting, but the verdict is not entirely unsupported.   We put aside, without further comment, the

argument that appellant is entitled to a new trial upon the ground that the verdict is contrary to the evidence.

Appellant assails several of the instructions given by the court upon the request of the appellees. The first, second, third and fourth are asserted to be erroneous, for the reason that they do not correctly state the law upon the subject of estoppel. It is said that they leave out of consideration the important element that the act relied upon as creating the estoppel must have induced some change in the position of the party insisting upon the estoppel. The instructions are not justly subject to this objection, and, as it is the only one asserted or suggested, we presume there are no others.

The seventh instruction given, counsel say, " states the law correctly, but there is no evidence to which it is applicable." We need only remark that there was evidence to which the instruction was relevant.

The eighth instruction asserted that the appellant could not recover unless he showed a right to the possession of the personal property at the time the action was commenced. The complaint is for the conversion of personal property, and it is an elementary doctrine, that, in such cases, the plaintiff must show a right of possession in himself at the time he began his action. *Picquet* v. *McKay*, 2 Blackf. 465.

The tenth instruction given by the court upon its own motion is also complained of, but without substantial cause. This instruction asserts the well known doctrine, that, in actions for the recovery of personal property, the plaintiff must recover upon the strength of his own title, and not upon the weakness of his adversary's. Under the allegations of the complaint the instruction was a proper one.

The appellant asked the following instruction : " The law requires that before personal property shall be sold upon execution, the sheriff shall post up not less than three notices in the township where the property is situated ; and, before he can lawfully sell personal property, he must have the property present at the place specified in the notice, and unless the

property is at the point specified for the sale, and subject to inspection of the persons present who bid, or are likely to bid, the sale made at a point five or ten minutes' walk from the place where the property is situate at the time of sale, is absolutely void as to such property, and does not convey any title whatever to the purchaser." The court gave the instruction as asked, but added to it the following: "This is true, as an abstract legal proposition, but irregularities, if any, in the sale under which the defendants purchased the property, would not enhance plaintiff's right of recovery herein, nor would regularities in the sale of property on an execution against Rodney & Co. defeat plaintiff's right of recovery herein, if, at the time of sale, plaintiff had and was entitled to the possession of the property then sold. In other words, a sale of Easter's property on an execution against Rodney & Co., regular in all the acts of the sheriff, would, of itself, confer no title in such property on the purchaser." There was no error in modifying the instruction. Although somewhat obscurely worded, the evident meaning is, that, if Easter had no title or claim to the property, then the fact that the sale made by the sheriff was irregular would not create one; if he had, then the fact that the sale was entirely legal and regular would not defeat it. It is unquestionably true, that, if the claimant of personal property has no title, he can not recover it from one in possession and who claims it by virtue of a sheriff's sale, although the sale was irregular; and it is equally true, that, if he was the owner, his title could not be defeated by seizure and .sale upon an execution issued against some other person.

Complaint is made of the admission of evidence, but the question is not properly before us for the reason, among others, that the record does not show an exception taken at the time the ruling was made. It is settled, both by the statute and the adjudged cases, that an exception must be taken at the time the ruling is made, although time may be

given to reduce the exception to writing. *Sohn* v. *The Marion, etc., G. R. Co.,* 73 Ind. 77.

Judgment affirmed.