Kehr et al. v. Hall.

No. 13,587.

## KEHR ET AL. v. HALL.

RECEIVER.—*Property in Possession.*—*Conversion.*—*Right to Sue for.*—A receiver has such a special or qualified interest in property of which he obtains possession in pursuance of an order of court as entitles him to maintain an action for its wrongful taking and conversion.

SAME.—*Property not in Possession.*—A receiver can not maintain an action for the conversion of property of which he has never acquired possession, and as to which he does not show himself entitled to possession, beyond an averment that he was directed by the court to take such property into his possession, although he alleges that it has been wrongfully taken and converted by the defendant.

SPECIAL FINDING.—*Requirements of.*—Every fact necessary to the plaintiff's recovery must be found and stated in the special finding, or the judgment must be for the defendant.

SAME.—*Insufficient Complaint.*—Where the facts specially found relate to a paragraph of complaint which is bad, a judgment rendered thereon for the plaintiff will be reversed.

From the Elkhart Circuit Court.

*H. D. Wilson, W. J. Davis* and *A. S. Zook,* for appellants.
*W. L. Stonex, E. E. Mummert, W. H. H. Dennis* and *S. J. North,* for appellee.

BERKSHIRE, J.—The complaint in this case is in two paragraphs.

The first paragraph charges that the appellee, who was the plaintiff below, was appointed receiver by the Elkhart Circuit Court, to take into his possession and hold, subject to the order of said court, certain property described in a schedule attached thereto, marked exhibit A; that he took into his possession the said property, and, afterwards, the appellants, who were the defendants, with force and arms, wrongfully and forcibly took and carried away said property, and converted the same to their own use, it being of the value of $400.

The second paragraph alleges that the appellee was appointed receiver by the Elkhart Circuit Court, to take into his possession certain personal property described in a schedule filed therewith, and attached thereto, marked exhibit A; that the appellee qualified as such receiver, and afterwards demanded possession of the said property of the appellants, who had theretofore taken possession of the same; that the appellants refused to deliver the said property to the appellee, or any part of it, but wrongfully converted the same to their own use, it being of the value of $400.

To each paragraph of complaint the appellants demurred. The demurrer is very awkwardly and carelessly drawn.

The second cause of demurrer assigned is: "The defendants further demur to each paragraph of plaintiff's complaint, separately, for the reason that said paragraphs do not state facts sufficient to constitute a cause of action against the defendants."

This was intended, no doubt, as a separate demurrer to each paragraph, and we are inclined to so construe it; but we would be much better pleased with it if it were more artistic in form.

The court overruled the demurrer to both paragraphs of the complaint, and the proper exceptions were saved.

After some other proceedings were had, which we need not notice, the appellants pleaded the general denial, and with it an agreement was filed that all matters of defence might be proved without further pleading.

The case was tried by the court and a special finding made.

The facts and conclusions of law are substantially as follows: That on the 5th day of April, 1883, Ann Smith brought suit in the Elkhart Circuit Court for support against David Smith, her husband, to which action she made one Olander Rankin a defendant, alleging in her complaint that he was indebted to her husband upon notes secured by a ,chattel mortgage hereinafter referred to, and she asked as relief that the amount of said indebtedness be applied in

payment of any judgment she might recover; that Rankin was duly served with process and was properly defaulted; that the husband, David Smith, was duly served with process and appeared to said action; that on the 15th day of May, 1883, the appellee, upon the application of the plaintiff in said action, was appointed receiver, and on the 5th day of June duly qualified as such; that afterwards such proceedings were had that the plaintiff in said cause recovered a judgment against her said husband for three hundred dollars and costs, and that Rankin was indebted to him in the sum of $391, secured by a chattel mortgage recorded in Elkhart county, and that he pay the amount of plaintiff's judgment and costs to the receiver, and the receiver was ordered to institute suits and take any action necessary for the collection of the debt and the foreclosure of the mortgage, and out of the proceeds to pay the plaintiff's judgment; that there is now due on said judgment the sum of $342.50 and $30.65 costs; that on the 5th day of April, 1883, said David Smith commenced an action before a justice of the peace against Rankin to recover the amount due on the first of the series of notes mentioned in said chattel mortgage; that Rankin appeared to said action and thereafter such proceedings were had, that on the 17th day of May, 1883, Smith obtained a judgment against Rankin for the sum of $160 and costs, and on the 21st day of May, 1883, an execution was issued on said judgment, and was delivered to the appellant Kehr, who was a constable of the township wherein said judgment was rendered, who, at six o'clock in the morning of the 28th day of said month, served the same on the property named in said mortgage, and then in the possession of said Rankin, and sold said goods by virtue of said execution on the 8th day of June, 1883; that the notice and other proceedings, down to and including the sale, were in form regular; that the appellant Zook, who was the attorney for said Smith, the judgment creditor, was the purchaser at said sale for the said Smith; that after satisfying the execution there

was in the hands of the appellant Kehr, as constable, $37.31, which was paid over to the appellant Zook as such attorney, and the amount was credited on another of the series of notes held by said Smith against said Rankin; that the appellant Zook disposed of the said property so purchased by him at said sale to third persons; that the said property sold by the said constable was at the time of the value of $500; that the said Smith was a non-resident, and had no property in the State of Indiana subject to execution; that no part of the judgment obtained by the said Ann Smith has ever been paid; that said mortgage was executed by Rankin to Smith to secure the sum of $375 on the 21st day of November, 1882; that at the time it was executed and recorded Rankin, the mortgagor, was a resident of Kosciusko county, Indiana, and had no property, other than said mortgaged property, subject to execution; that the appellee was entitled to recover of the defendants a sum sufficient to pay the said judgment of Ann Smith against David Smith, not exceeding the amount due and owing from said Rankin to said David Smith aforesaid.

To the conclusions of law there was the proper exception, and a judgment was rendered for the appellee.

There are two errors assigned by the appellants:

1. The court erred in overruling the demurrer to the several paragraphs of the complaint.

2. The court erred in its conclusions of law.

We discover no valid objection to the complaint. If the appellee was in possession of the property in question as receiver, pursuant to the order of the Elkhart Circuit Court, and the appellants wrongfully wrested the possession from him, and converted the property to their own use, we are of the opinion that the appellee had a special or qualified interest in the property such as entitled him to maintain the action. Story Bailments, sections 93, 94, 150, 152, 352; 2 Blackst. Comm. 452; *Waterman* v. *Robinson*, 5 Mass. 303 (304); *Grove* v. *Wise*, 39 Mich. 161; *Harvey* v. *McAdams*, 32 Mich.

472; *Bristol Hydraulic Co.* v. *Boyer,* 67 Ind. 236; *Easter* v. *Fleming,* 78 Ind. 116.

The second paragraph of the complaint is, in our opinion, bad. It is alleged that the appellee was directed by the Elkhart Circuit Court to take possession of the property in the chattel mortgage described, and that he demanded possession thereof of the appellants, and they refused to surrender the possession, but converted the property to their own use wrongfully. It is not alleged that the appellee ever had possession of the property, but the inference to be drawn from what is alleged is that he never had the possession thereof.

From all that appears in this paragraph of the complaint, it does not appear that the appellee was entitled to the possession of the property. The direction given to the appellee by the Elkhart Circuit Court, and the wrongful conversion by the appellants, do not of themselves give to the appellee a right of action. *Picquet* v. *McKay,* 2 Blackf. 465; *Easter* v. *Fleming, supra.*

The complaint is for the conversion of certain property, a schedule of which is filed therewith.

It is not averred in the complaint that the property, as given in the schedule, was the same property described in a chattel mortgage executed by Olander Rankin to David Smith.

The property described in the special finding is found to be certain property mortgaged by Rankin to Smith, but it is nowhere stated or found that it is the same property alleged in the complaint to have been converted.

We can not infer that the mortgaged property to which the special finding refers is the property contained in the schedule filed with the complaint; therefore, if the complaint was good (both paragraphs) the judgment would have to be reversed for this reason.

Every fact must be found and stated in the special finding necessary to the plaintiff's recovery, or the judgment must be for the defendant. *Meeker* v. *Shanks,* 112 Ind. 207; *Stix* v.

*Sadler,* 109 Ind. 254; *Kurtz* v. *Carr,* 105 Ind. 574; *Mitchell* v. *Colglazier,* 106 Ind. 464; *Cincinnati, etc., R. W. Co.* v. *Gaines,* 104 Ind. 526.

But if there was no infirmity in the special finding the judgment would have to be reversed, for the reason that the facts as found relate to the second paragraph of the complaint, which is bad, and not to the first paragraph, which is good.

There is a cross-error assigned by the appellee, but as it relates to the overruling of a motion to modify the judgment no good purpose can be served by considering it.

The judgment is reversed, with costs, with direction to the court below to sustain the demurrer to the second paragraph of the complaint.

Filed Feb. 20, 1889.