Filed March 13, 1891.

---

### No. 14,545.

### POUDER v. CATTERSON, RECEIVER.

RECEIVER.—*Action by Against Tenant Wrongfully Holding Over.—Leave of Court.—Pleading.—Complaint.*—Where one holding under a receiver as lessee or tenant refuses to surrender, the receiver is entitled to maintain an action to recover possession in his own name without an order of court, and the complaint need not allege that the receiver has been authorized by the court to bring the action.

SAME.—*Title.—Estoppel.*—One who has taken a lease from and become the tenant of a receiver, is estopped to deny the title of his lessor while he remains in possession under the lease.

From the Marion Superior Court.

*W. D. Bynum* and *A. T. Beck*, for appellant.

*F. Knefler, J. S. Berryhill* and *J. B. Elam*, for appellee.

PER CURIAM.—This opinion, in which we all concur, was prepared for the court by the late Judge Mitchell, and expresses the views and judgment of the court.

It appears that Robert Catterson was duly appointed receiver of the rents and profits of certain real estate in a suit by Warren Tate against Milton Pouder and others to foreclose a mortgage.

The receiver took possession of the land mortgaged and

leased it to the appellant, who took possession and paid rent. Subsequently the receiver brought this action against the appellant to recover possession, alleging that by the terms of the lease the tenancy had expired, and that the defendant unlawfully held over and refused to surrender possession, to the damage, etc.

It is contended that the complaint is fatally defective in that it contains no averment that the receiver has been authorized by the court, under whose appointment he is acting, to institute the action.

It is undoubtedly a correct special proposition that, in the absence of authority derived from the statute or from the court ordering his appointment, a receiver has no power to sue in his own name, and that when his authority is derived from the order of the court, that fact must appear by suitable averments in the complaint. *Garver* v. *Kent,* 70 Ind. 428. The reason is that the legal title to choses in action, or other property which he is authorized to reduce to possession, is ordinarily not transferred to the receiver, but remains in the owner, in whose name suit must be brought unless the statute or the order of the court authorizes the receiver to proceed in his own name. Neither the reason nor the rule controls in case a receiver brings suit upon a contract made with him, or upon an obligation due to him as such. *Singerly* v. *Fox,* 75 Pa. St. 112.

A receiver, being nothing more than the instrument used by the court in accomplishing its purpose or carrying into effect its decree, must be presumed to have the power to take all such steps as are essential to enforce the performance of contracts or agreements made with him in the course of his receivership. It can not be that one who is appointed a receiver to collect rents has no implied authority to compel payment from one to whom he has leased the premises under the order of the court, or to recover possession of the leasehold in case his tenant holding under a lease made with him refuses to surrender.

Accordingly, it is laid down as an established rule that "after the tenants have attorned to the receiver, and so created a tenancy, as between them, the receiver may also distrain, in his own name, for rent accrued during such tenancy, without first obtaining an order so to do; but a distress for rent accrued before that time must be made in the name of the person who has the legal right to the rent." 2 Daniell Chan. Pr. 1748.

Where property has been wrongfully taken from the possession of a receiver, or where one holding under him as lessee or tenant, refuses to surrender, he is entitled to maintain an action to recover possession in his own name without an order of the court. *Kehr* v. *Hall,* 117 Ind. 405.

One who has taken a lease from and become the tenant of a receiver, is estopped to deny the title of his lessor while he remains in possession under the lease.

What has been said determines all the questions involved, and leads to an affirmance of the judgment.

Judgment affirmed, with costs.

Filed Jan. 8, 1891; petition for a rehearing overruled March 14, 1891.