Filed Oct. 27, 1892.

No. 15,850.

## YOUNG ET AL. *v.* BERGER.

MECHANIC'S LIEN.—*Failure to Give Notice to Owner.—Special Finding of Facts.*—In an action by a material man to foreclose a mechanic's lien, the materials having been furnished at a time when it was necessary to give notice to the owner in order to acquire a lien, the burden was on the plaintiff to establish the fact of notice, and the failure of the court in its special finding of facts to find upon that point was equivalent to a finding against the plaintiff.

SAME.—When the court, instead of finding that either notice was or was not given, made a finding containing recitals of a portion of the evidence, with certain evidentiary facts, all bearing upon the question of notice, but made no finding whatever as to the fact itself, the finding must be regarded as against the plaintiff upon that subject.

SAME.—*Practice.—Special Finding not Sustained by Sufficient Evidence.*—In order to present the question raised by the failure of the court to find on the fact of the notice, it was proper for the appellant to move for a new trial on the ground that the special finding was not sustained by sufficient evidence and was contrary to the evidence.

From the Delaware Circuit Court.

*J. F. Sanders* and *J. M. Templer,* for appellants.

*J. W. Ryan* and *W. A. Thompson,* for appellee.

McBRIDE, C. J. — The appellee contracted with one Searles to make some repairs to certain buildings belonging to him. The repairs included the placing of some mantels and grates.

Searles purchased the mantels and grates of the appellant, who by this suit sought to foreclose a material man's lien for their value.

The court, by request of parties, made a special finding of the facts and stated his conclusions of law thereon. The facts as found by the court were favorable to the appellant, and were full and explicit, except as to the giving of the notice required by section 5 of the act of March 6,1883. Elliott's Supplement, section 1692. At the time the materials in question were furnished that section was in force, and the giving of the notice was necessary to the acquisition of the lien.

In his suit to foreclose the lien the burthen was on the appellant to establish the fact of the giving of the notice.

If the court had found affirmatively that no notice was given, it is manifest that there could have been no foreclosure of the lien.

The court, instead of finding either that notice was or was not given, made a finding containing recitals of a portion of the evidence, with certain evidentiary facts, all

bearing upon the question of notice, but made no finding whatever as to the fact itself.

The burthen being on the appellant to establish the fact of notice, the failure of the court to find upon that fact is equivalent to a finding against him. Elliott's Appellate Proc., section 757, and cases collected in note 3.

None of the evidentiary facts found are sufficient to supply the place of the essential, omitted finding.

When the finding of an evidentiary fact is such as to necessarily involve the existence of the essential, or ultimate fact, the failure to make the ultimate finding may be immaterial. But, when the existence of the evidentiary fact is not inconsistent with the non-existence of the ultimate fact, or is equivocal, or doubtful, the trial court must resolve the doubt by a direct finding as to the ultimate and decisive fact.

In the case before us we might, if at liberty to weigh the evidence, and evidentiary facts embodied in the fourth finding, conclude that they were sufficient to show notice. In doing so, however, we would be discharging the functions of the trial court, and not of an appellate tribunal. We must, therefore, treat the finding as against the appellant on that point. It follows, that the court did not err in its conclusion that the law would not justify a judgment in favor of the appellant upon the facts as found.

The appellant moved for a new trial on the ground that the special finding was not sustained by sufficient evidence, and was contrary to the evidence. This was a proper method of presenting the question raised by the failure of the court to find on the fact of notice. Elliott's Appellate Proc., section 757, and cases cited in note 4.

It is, however, ineffectual in this case to afford any relief to the appellant. The absence of any finding upon that question being treated as a finding against him, and the evidence relating to notice being conflicting, this court

will not weigh it to determine whether or not the finding is wrong.

Judgment affirmed.

Filed Nov. 3, 1892.