MILWAUKEE FIRE INSURANCE COMPANY v. TODD.

[No. 4,429.  Filed June 3, 1903.  Motion to modify mandate
overruled January 13, 1904.]

INSURANCE.—*Ownership of Property.*—*Burden of Proof.*—In an action
on a fire insurance policy the burden is upon the insured
to allege and prove that he was the owner of the property at the
time of the loss.  *p. 218.*

SAME.—*Ownership of Property.*—*Special Finding.*—The ownership by
plaintiff of the insured property is a material independent fact
essential to a recovery on a fire insurance policy, and the absence
of a statement of such ownership in the special finding will be
treated as indicating that the court did not find the existence of
such necessary fact.  *p. 218.*

SAME.—*Ownership of Property.*—*Special Finding.*—A finding that de-
fendant at the date of the issue of the policy "was, and still
was, a corporation," etc., and "at that date it was, and still
was, doing business in this State," and "at the date mentioned
plaintiff was the sole owner" of the insured property, can not
be construed as a finding that plaintiff was the owner of the
property at the time of the loss.  *pp. 215, 218.*

From Howard Superior Court; *Hiram Brownlee,* Judge.

Action by Lemuel S. Todd against the Milwaukee Fire
Insurance Company.  From a judgment for plaintiff,
defendant appeals.  *Reversed.*

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for
appellant.

*G. H. Gifford, G. J. Gifford, C. H. Gifford* and *L. B.
Nash,* for appellee.

BLACK, J.—The appellee sued the appellant upon a pol-
icy of fire insurance on a metal building located on a cer-
tain lot in the town of Danville, and on a laundry plant con-
tained therein.  No question is made upon the pleadings.
The court tried the cause and rendered a special finding,
in substance as follows:  On May 6, 1901, the appellant
was, and it still was, a corporation duly organized under
the laws of the state of Wisconsin, and has duly complied

with the laws of Indiana. At that date it was, and it still was, doing business in this State, and Miles & Easley were its agents at Danville, Indiana, for the purpose of writing fire insurance upon property in that town and its vicinity, and they still were such agents. At the date mentioned, the appellee was the sole owner of a laundry plant at that town, consisting of a metal building and certain described fixtures, machinery, and personal property, used in the operation of the plant and being within the building; the entire property being at the time used as a laundry. The appellee was not the owner of the real estate upon which the building and machinery were situated, but held it by virtue of a written lease from the owner thereof, duly executed and recorded, expiring on November 1, 1903. Among its provisions was the following: "Lessee herein reserves the right to remove any buildings erected by him on said property at or before the expiration of the lease." The building and property therein were placed on the real estate by the appellee. On May 6, 1901, one Miller was in possession of the laundry plant, and was operating it as a laundry. He so held the property under a written lease and contract executed to him by the appellee February 1, 1901, for one year. This lease contained a provision as follows: "Second party [Miller] agrees to pay the sum of $5 per month in advance from the taking possession until April 1, 1901, after which the said party agrees to pay the sum of $12 in advance each month during the continuance of this contract, and said party agrees to use said property well and keep the same in good repair, barring natural wear and decay; and it is further agreed that said party is to have the refusal of said property in case he desires to purchase the same during the continuance of this contract; and in case of failure to pay rent in advance second party is to give peaceable possession at once, and said second party is to give peaceable possession of said laundry at the expiration of his tenancy without legal notice." It was

afterward agreed that if Miller should purchase, he would have credit upon the purchase price for any rent or insurance he might pay. Miller never concluded to buy, no price was ever agreed upon, and no sale was ever consummated; but Miller-continued in possession under his contract, and continued to pay rent. Miller and the agents, Miles & Easley, resided at Danville, and the appellee resided at Tipton, Indiana. May 6, 1901, the appellee made application to Miles & Easley, as the appellant's agents, for insurance against loss by fire "upon the property hereinbefore found," and the appellant, in consideration of the sum of $20 at the time paid to Miles & Easley, as such agents, by the appellee, duly executed and issued to the appellee its policy of insurance upon said property, insuring it against loss by fire for one year from that date. The policy insured "the metal building found" for $250, and "the machinery found" for $550. The policy was left in the safe of Miles & Easley at Danville, who at once made report of the issuing of the policy to the general office of the appellee at Milwaukee. May 8, 1901, the appellee refused to carry said risk and directed its agents to cancel the policy. The agents, pursuant to such instructions, did, May 25, 1901, mark the policy canceled, and returned it by mail to the general office, where it was destroyed. The policy contained a provision as follows: "This policy shall be canceled at any time at the request of the insured, or by the company, by giving five days' notice of such cancelation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned or surrendered; this company retaining the customary short rate, except that when this policy is canceled by this company by giving notice, it shall retain only the pro rata premium." No notice was ever given the appellee by the appellant of the cancelation of the policy, and no part of the premium paid by him was ever returned or offered to

be returned to him, except as hereinafter stated.  Soon
after May 25, 1901, Miles & Easley informed Miller that
the appellant would not carry the risk, and that the policy
had been canceled, and that he could call and get the pre-
mium paid, but Miller did not inform the appellee of the
notice to him.  The contract of insurance contained the
following:  "The entire policy, unless provided by agree-
ment indorsed thereon or added thereto, shall be void if the
interest of the insured be other than unconditional and
sole ownership."  The policy contained no agreement or
statement of conditional ownership indorsed thereon or·
added thereto.  At the time the application was made and
the policy was issued, Miles & Easley knew that the ap-
pellee did not own the real estate upon which the property
insured was situated, and that he occupied the same under
a lease which expired in 1903, and that Miller was in pos-
session of the property under a lease to him from the ap-
pellee.  On August 4, 1901, "the property insured as
found" was totally destroyed by fire.  The metal building
was of the value of $400, and the machinery insured was
of the value of $600.  August 6, 1901, Miles & Easley
procured a draft for $20 and mailed it to the appellee at
Tipton, Indiana; but the appellee refused to accept it, and
returned it by mail.  The appellant at the time the fire
was in progress, and at all times since, denied any and all
liability on account of the policy.  August 6, 1901, the
appellee notified the appellant of the loss and requested
blanks to make proof of loss.  The appellant failed to
furnish said blanks, and thereupon the appellee made out
proof of loss and forwarded the same to the appellant, and
the latter received the proof, which was in substantial com-
pliance with the conditions of the policy.  The court fur-
ther found that by reason of said fire the appellee has sus-
tained damages in the sum of $1,000, and that no part of
the sums stipulated in the contract of insurance has been
paid, and that the same is due and owing.  The court, as

conclusions of the law upon the facts so found, declared the law to be with the appellee, and that he ought to recover of the appellant $800.

Counsel for appellant suggest a number of objections to the conclusions of law; one objection insisted upon being that there is no finding that the appellee was the owner of the insured property at the time of the loss and damage by fire. It not only devolved upon the appellee to allege in his complaint (which he did) that he was the owner at the time of the loss, but also the burden of proving his ownership at that time was upon him; and for his recovery it was necessary that the court should find, and in some form state in its special finding that he was then the owner, this being a material, independent fact essential to a recovery, the absence of a statement of which in the special finding is to be treated as indicating that the court did not find the existence of such necessary fact. *Indiana, etc., Ins. Co.* v. *Bogeman,* 4 Ind. App. 237; *Western Assur. Co.* v. *Koontz,* 17 Ind. App. 54; *Western Assur. Co.* v. *McCarty,* 18 Ind. App. 449; *Insurance Co.* v. *Coombs,* 19 Ind. App. 331.

While counsel for appellee do not contend against the rule of law as above stated, they insist that from the facts found the irresistible legal conclusion can be drawn that the appellee was the owner at the time of the loss. We can not so construe the finding. Whether the language be considered with regard to the usual signification of the words, or with reference to the meaning of the trial court as indicated by a comparison of the various portions of the finding with each other, it can not be said that the finding shows that the court found as a separate, independent fact that the appellee was the owner of the property at the time of its destruction by fire. Neither can it be said that the finding contains facts constituting evidence of such ownership.

Other objections were urged against the court's conclusion, which, however, need not be examined.

Judgment reversed. Cause remanded, with instruction to state a conclusion of law in accordance with the foregoing opinion.