## UNION INVESTMENT CO. *v.* McKINNEY.

[No. 5,355.    Filed June 6, 1905.]

1. APPEAL AND ERROR.—*Briefs.—Appellate Court Rules.*—No question can be raised upon a pleading unless such pleading or its substance is set out in the party's brief in accordance with Appellate Court rule 22.    p. 596.

2. SAME.—*Demurrer.—Special Findings.—When Same Question Presented.*—Where the special finding contains the same facts as set forth in an answer, an exception to the conclusion of law on such finding presents the same question as a demurrer to such answer. p. 596.

3. VENDOR AND PURCHASER.—*Buildings Erected by Vendee.—Forfeiture.*—Structures, placed upon lands which the vendee has contracted for and is occupying under such contract, are, as between such vendee and his vendor, real estate, and upon a forfeiture of the contract they return to the vendor as a part of the realty.    p. 599.

4. TRIAL.—*Special Findings.—Failure to Find.*—Where the complaint alleged that defendant "maliciously removed and destroyed" certain improvements upon a lot, and the special findings show that she "removed" them, the plaintiff's allegation is not supported.    p. 599.

5. SAME.—*Special Findings.—Can Not Be Aided by the Pleadings.*— The special findings can not be aided by the pleadings, and where there is a failure to find a material fact the party having the burden to prove such fact must lose.    p. 599.

6. SAME.—*Special Findings.—Failure to Find Terms of Contract.*— Where the special findings fail to show the terms of the contract sued upon, the court can not grant relief thereon.    p. 600.

From Superior Court of Vanderburgh County; *John H. Foster,* Judge.

Action by the Union Investment Company of Indiana against Ollie B. McKinney.    From a judgment for defendant, plaintiff appeals.    *Affirmed.*

*Denton & Siler* and *Funkhouser, Hostetter & Funkhouser,* for appellant.

*Andrew J. Clark* and *W. M. Blukey,* for appellee.

WILEY, C. J.—On the 5th day of August, 1900, appellant and appellee entered into a written contract, by the terms of which the former sold to the latter certain real estate in the

city of Evansville for a stipulated price. There was a mortgage on the real estate, which appellee assumed and agreed to pay as a part of the purchase money. After deducting the amount of the mortgage from the purchase price, appellee owed $1,518.25, which she agreed to pay as follows: $75 cash, and the remainder in eighty-six equal payments, evidenced by that number of notes. Upon the execution of the contract, appellee took possession of the real estate, upon which was a dwelling-house and other improvements, and occupied the same until the 12th day of March, 1902, at which time she abandoned said property and surrendered possession thereof.

Said contract contained the following provisions: "And in case of the failure of said party of the second part to pay the interest when due on the mortgaged indebtedness * * * assumed by her, or to make either of the twelve payments or any two subsequent payments due said party of the first part * * * this contract shall, at the option of the party of the first part, be forfeited and determined, and said party of the second part shall forfeit all payments made by her on this contract prior to such default, and such payments shall be retained by said party of the first part in full satisfaction and in liquidation of all damages by it sustained," etc.

It is averred that the appellee failed and refused to pay the notes or the interest on the mortgage or taxes on said real estate, all of which, by the terms of said contract, she agreed to pay. The complaint then makes the following averments: "That, while said defendant so occupied said premises, she wilfully, maliciously, and without legal right, wrongfully removed and destroyed a part of the permanent improvements upon said real estate, to wit, a large stable situated thereon, of the value of $325, and a part of the fence enclosing said premises, of the value of $25, to the plaintiff's damage," etc.

The cause was put at issue by the answer in two para-

graphs, and reply.   A demurrer to the second paragraph of answer was overruled.   At the request of appellant, the court made a special finding of facts, and stated its conclusions of law thereon.   To each conclusion of law the appellant reserved an exception.   The overruling of the demurrer to the second paragraph of answer, and commission of error in each conclusion of law, are assigned as errors.   Counsel for appellant state in their brief that the same questions are presented by the second paragraph of answer and the conclusions of law, and they are discussed together.

1.   If it were necessary to pass upon the action of the court in overruling the demurrer to the second paragraph of answer, appellant is not entitled to a ruling thereon, for the reason that it has wholly failed to give even an abstract of the allegations of the pleading.

2.   Where the special findings recite the facts alleged in a pleading, and an exception was taken to the conclusions of law, and upon such facts the defendant below was entitled to judgment, this court will deem it unnecessary to pass directly upon the sufficiency of the answer.   *Ross* v. *Van-Natta* (1905), 164 Ind. 557.

The facts specially found, and upon which the rights of the parties must be determined in this appeal, are that the appellee entered into possession of the real estate in controversy immediately after the execution of the contract between the parties; that she complied with all the conditions of the contract on her part until December 1, 1901, having paid up to that time thirteen of the eighty-six instalments which she agreed to pay, and the $75 cash stipulated in the contract; that in all other respects she complied with the contract up to that time; that in December, 1901, she failed and refused to pay the instalment then due, and also failed and refused to pay the semiannual interest on the mortgage, and that she never thereafter paid any sum according to the terms of the contract; that when she entered into the possession of the premises there were a dwelling-house and out-

buildings situated thereon, and there was a fence surround-
ing the real estate; that Clate C. McKinney was appellant's
husband, and resided with her on said premises, and had
acted for her in the negotiations leading up to the making of
the contract, and transacted all of the business of the appel-
lee in reference thereto; that shortly after she entered into
possession of said real estate her husband erected thereon a
two-story frame barn; that it was substantially constructed,
and built upon foundations of wood, and capable of being
easily moved; that this stable was erected for the conven-
ience of the appellee's husband for keeping his horse therein,
and for the enjoyment of the premises by the appellee and
her husband; that on or about January 10, 1902, while ap-
pellee was in possession of said premises, and after she had
defaulted in the payments under the contract, her husband,
with her permission and consent, removed from the premises
the barn which he had constructed thereon, and placed the
same upon another lot belonging to appellee in the city of
Evansville; that in moving said barn appellee's husband
acted for and on behalf of her, and that it was moved in the
belief and under the claim that it had not become the prop-
erty of appellant; that, when said barn was constructed by
appellee's husband, a section of the fence on the alley line
of said premises was removed to make a place for the barn,
and that it was never replaced; that the value of the prem-
ises at and before the barn was erected exceeded in value the
value of the premises after the barn was removed in the sum
of $10, and that the diminution in the value was caused by
the taking down of the section of fence aforesaid; that on the
12th day of March, 1902, appellee removed from the prem-
ises, and took up her residence upon other premises owned
by her in Evansville. Subsequently to the defaults herein set
forth, appellant repeatedly demanded payment of all sums
due from appellee under the contract, and a few days after
the 12th day of March, appellant, with knowledge of the
facts hereinbefore found, declared said contract forfeited,

demanded and received from the appellee- the keys of the premises, and, with the consent of the appellee, took possession thereof, and retained all payments made by her under the contract. The court further found that the value of the premises with the barn thereon exceeded the value of the premises without the barn thereon in the sum of $150.

As. conclusions of law the court stated: (1) "That the exercise of the option to forfeit the contract and to retain all payments made by the defendant was subject to the provisions of the agreement that the retention of such payments should constitute full satisfaction and be in liquidation of all the damages sustained by the plaintiff." (2) "That the words 'all damages,' being general words used alone without any particular words of more limited meaning, should be construed most strongly against the party exercising an option to forfeit, and should be construed to include any and all damages existing at the time the forfeiture was claimed which arose out of any violation of the agreement, or out of any violation of any obligation arising from the legal relations between the parties created by the agreement, and should be construed to include any damage caused by reason of the removal of the barn as in the findings set forth." (3) "That the plaintiff ought to take nothing by its suit herein, and that the defendant ought to recover of and from the plaintiff her costs and charges in this action laid out and expended."

The findings show that appellant and appellee entered into a written contract, by which the former agreed to sell and the latter agreed to purchase certain real estate, and refers to the contract as "set out in the amended complaint," but does not find what the terms and conditions of the contract were. The findings simply state that the contract was "upon the terms and conditions therein stated." It is also found that appellee entered into possession of the real estate; that, while in possession, her husband, with her consent, erected thereon a barn, in which to keep his horse, and for

the better enjoyment of the premises on the part of the appellee and her husband; that while she was in possession, and with her consent, her husband removed the barn to another lot.

3. The general rule of law is that a structure erected by a vendee of land, who is in possession by virtue of his contract of purchase, but who has not yet obtained title to the premises, can not be removed without the consent of the vendor, the presumption being, from his interest under his contract and expectation of acquiring absolute title, that he intended the structure to be a part of the land. 13 Am. and Eng. Ency. Law (2d ed.), 672; *Smith* v. *Moore* (1861), 26 Ill. 392; *Ogden* v. *Stock* (1864), 34 Ill. 522; *Hemenway* v. *Cutler* (1863), 51 Me. 407; *Lapham* v. *Norton* (1880), 71 Me. 83; *Kingsley* v. *McFarland* (1889), 82 Me. 231; *Poor* v. *Oakman* (1870), 104 Mass. 309; *Michigan Mut. Life Ins. Co.* v. *Cronk* (1892), 93 Mich. 49; *Little* v. *Willford* (1883), 31 Minn. 173; *Seatoff* v. *Anderson* (1871), 28 Wis. 212.

4. The charge in the complaint is that appellee "wilfully, maliciously and without legal right removed and destroyed a part of the permanent improvements," etc. There is no averment that it was done without the consent of appellant. There is no finding that the appellee "wilfully, maliciously," etc., removed the barn, nor that it was done without appellant's consent. There is a finding that appellee removed the barn "in the belief and under the claim that the same had not become the property of the plaintiff." The naked finding that she removed it does not meet the issue tendered by the complaint.

5. We can not look to the pleadings to determine facts. When a special finding of facts is made, the facts upon which the plaintiff relies must be stated, and the failure to find a material fact will be taken as a finding against him. The burden was upon appellant to establish all material facts necessary to its recovery. Where a special finding is

silent as to a fact, the existence of which is necessary to the plaintiff's case, the presumption is that the fact was not established by the evidence and did not exist, and is equivalent to a finding upon that point against such party.    2 Woollen, Trial Proc., §4351, and authorities there cited.

6.    While the court finds that appellee complied with all the conditions of the contract on her part up to a certain date and then 'defaulted; that, while she was in possession, her husband, with her consent, erected thereon a barn, and also while she was in possession and with her consent he removed it; and further that thereafter she abandoned the premises and appellant declared the contract forfeited, and retained and still retains all payments made by the "defendant on the agreement aforesaid"—yet there is not a single finding or any number of findings as to the terms and conditions of that agreement.    Presumptions or intendments are not available to support a special finding, but the facts in issue must be stated with reasonable certainty.    *Hill* v. *Swihart* (1897), 148 Ind. 319.    A copy of the written agreement is not made an exhibit to the complaint, but is embodied in it as a part thereof.    For aught that appears in the findings, the contract may have given appellee the right to move the barn, and remove a section of the fence.    Neither can we tell from the special findings what the rights of the parties are with regard to the several amounts paid by appellee. The legal status of the parties in relation thereto can not be determined from the facts stated.

By its second conclusion of law the court declared that the words "all damages" should be construed to include any and all damages existing at the time of the forfeiture, and should be construed to include any damage caused by the removal of the barn, etc.    But we search the findings in vain to discover any fact or facts found by the court which throw any light upon the question of damages which the parties agreed upon in case of a declaration of forfeiture.    And, as above stated, we can not look to the pleadings to determine the

MAY TERM, 1905. 601

Indianapolis, etc., Traction Co. v. Shepherd—35 Ind. App. 601.

facts, and hence are left in ignorance of material facts essential to support appellant's cause of action.

Under the facts found, and upon the theory of the complaint, appellant was not entitled to recover. Judgment affirmed.