## McClure v. Anderson et al.

[No. 8,559. Filed May 4, 1915.]

1. APPEAL.—*Failure to File Briefs.*—While an appellee's failure to file briefs is sufficient to warrant a reversal on the theory of confessed error, the court's discretionary power in such cases should not be exercised against the judgment unless appellant's brief shows that reversible error was in fact committed. p. 616.

2. TRIAL.—*Findings.*—*Requisites.*—Where the facts are specially found, the judgment should be for defendant unless every fact essential to a recovery by plaintiff is found and stated, and a finding that is silent on a material point is a finding against the party having the burden on that point. p. 616.

3. APPEAL.—*Review.*—*Findings.*—*Conclusions of Law.*—A finding that a written contract and certain subsequent oral contracts were entered into for the alteration and repair of a house, and that a mechanic's lien was filed, was insufficient to support conclusions of law in favor of plaintiffs, in the absence of any finding as to the terms or conditions of the contracts, that the contracts had been substantially complied with, and that the lien filed was the one sued on. p. 616.

4. APPEAL.—*Review.*—*Findings.*—*Conclusions of Law.*—Conclusions of law in favor of plaintiff were not sustained by a finding that a certain sum was due from defendant, in the absence of a finding that the amount was due for the work and labor pleaded, that the work was done and the material furnished, and that the lien relied on was filed in sixty days. p. 617.

5. APPEAL. — *Review.* — *Admission and Rejection of Evidence.* — Where the court admitted evidence over the objection and exception of defendant to show an oral modification of the contract, and long after the evidence was heard permitted the complaint to be amended to show such oral modification it was error to refuse leave to defendant to introduce evidence in rebuttal as to such modification. p. 618.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Actions by Wilber A. Anderson and by others against William A. McClure, and subsequently consolidated. From the judgments rendered, the defendant appeals. *Reversed.*

*Jordan & Pulliam* and *McNutt, Wallace & Sanders,* for appellant.

IBACH, J.—This appeal was from judgments rendered in three actions begun separately by the different appellees, afterwards consolidated, to foreclose mechanics' liens on certain real estate of appellant. Appellee Anderson claimed a lien as contractor, the other appellees claimed liens for labor and materials furnished. The issues arose as to appellee Anderson on his complaint, answer in general denial, counterclaim and cross-complaint of appellant, and appellee Anderson's answer in denial of the cross-complaint, and as to the other appellees on their complaints and answers in general denial thereto. Many errors are assigned, among which are the overruling of appellant's motion for new trial, and overruling exceptions to the conclusions of law on the facts found.

No brief was filed by appellees, and as this court said in the case of *Simon* v. *City of Wabash* (1915), *ante* 127, 107 N. E. 738, ''their failure to do so would under some

1. of the authorities, warrant a reversal of the judgment below on the theory of confessed error. We think, however, that the court's discretionary power in such cases should not be exercised against the judgment of the trial court except in those cases where the appellant's brief shows that reversible error was in fact committed by the court.''

Where there is a finding of facts by the court, every fact necessary to the plaintiff's recovery must be found and stated, or the judgment should be for the defendant.

2. *Kehr* v. *Hall* (1889), 117 Ind. 405, 20 N. E. 279. A finding silent on a material point is a finding against the party having the burden on that point. *McAdams* v. *Bailey* (1907), 169 Ind. 518, 82 N. E. 1057, 124 Am. St. 240, 13 L. R. A. (N. S.) 1003; *Metropolitan Life Ins. Co.* v. *Bowser* (1898), 20 Ind. App. 557, 50 N. E. 86.

In many respects the findings of the court in this case are insufficient to sustain the conclusions of law in fa-

3. vor of each of appellees. The court finds that a written contract for repair, improvement and alteration

of a house was entered into between Anderson and Mc Clure, also a subsequent oral contract for extra work, also that there were subsequent oral modifications of the contract. The terms and conditions of these various contracts are not set out, nor are we even aided by reference to the pleadings, but such reference, even if made, would not render the finding sufficient. *Union Investment Co.* v. *McKinney* (1905), 35 Ind. App. 594, 74 N. E. 1001. Neither is there a finding that the contract had been substantially complied with, nor that the work was ever accepted by the appellant. *Gwinnup* v. *Shies* (1903), 161 Ind. 500, 69 N. E. 158. It was found that a mechanic's lien was filed, but not found that the lien filed was that sued on here. *Krotz* v. *A. R. Beck Lumber Co.* (1905), 34 Ind. App. 577, 73 N. E. 273; *Young* v. *Berger* (1892), 132 Ind. 530, 32 N. E. 318; *Kehr* v. *Hall, supra.*

As to appellee Williams there is a finding that appellee Anderson employed him to perform plumbing work and furnish plumbing materials on appellant's dwelling house, but no finding that appellee Anderson had contracted to do the plumbing, or that he was the agent of appellant in hiring Williams. Nor is it found that these plumbing materials were furnished for the dwelling. *Topp* v. *Standard Metal Co.* (1911), 47 Ind. App. 483, 94 N. E. 891; *Miller* v. *Fosdick* (1901), 26 Ind. App. 293, 59 N. E. 488. The finding is merely that there is due Williams from appellant $111.90, but there is no finding that this is due for the work and labor pleaded. *Kehr* v. *Hall, supra.* Neither do the findings show that there was work done and material furnished, or that the notice of lien was filed in sixty days. §8297 Burns 1914, Acts 1889 p. 257; *Lawton* v. *Case* (1880), 73 Ind. 60. There is no finding showing Williams entitled to a personal judgment against appellant, though one was rendered. There are infirmities in the findings as to appellees, Hadley and Hess, similar to those in the findings as to appellee Williams. The

court's conclusions of law as to all appellees are erroneous, because based on insufficient findings.

It also appears that the court admitted evidence at the trial to show an oral modification of the original contract to allow the substitution of spruce weatherboarding for select poplar, over appellant's objection that such was not within the issues, and exception. Seven months after the evidence was heard, the court permitted amendment of appellee's complaint to show the oral modification, and then refused to allow the appellant leave to introduce evidence in rebuttal. We think the appellant was entitled to introduce such evidence, and the court erred in refusing to allow him to do so. See *Miller* v. *Hibben* (1861), 17 Ind. 441. The findings of the court are clearly insufficient, to entitle the parties to judgments foreclosing their several mechanics' liens and by reason of the many infirmities appearing in the record, we are of the opinion that substantial justice can be best accomplished by granting appellant a new trial.

The judgment is reversed and the cause remanded for new trial.

NOTE.—Reported in 108 N. E. 757. See, also, under (1) 2 Cyc. 1024; 2 Cyc. 1913 Anno. 1024 new; (2) 38 Cyc. 1985; (3, 4) 38 Cyc. 1964; (5) 31 Cyc. 452.