UNIVERSAL INSURANCE COMPANY OF INDIANA *v.* GLOVER.

[No. 15,035.   Filed May 7, 1935.]

*Charles E. Henderson,* and *Laurens L. Henderson,* for appellant.

*Fred E. Shick, John K. Rickles,* and *Albert Thayer,* for appellee.

Wood, J.—Appellee recovered judgment against appellant on an insurance policy, which it issued to appellee, for loss alleged to have been sustained by him because of the destruction of an automobile by fire.

The issues consisted of a complaint in one paragraph, to which appellee filed an answer in five paragraphs: the first was a general denial; the second alleged invalidity of the policy sued on because the appellee was not the owner of the automobile at the time the policy was issued; the fourth alleged invalidity of the policy sued on because of the existence of other undisclosed insurance on the automobile at the time the policy was issued; the third and fifth paragraphs were upon the theory that appellant was relieved from liability upon the policy, because of the violation of its terms, in that appellee for the purpose of defrauding appellant knowingly and purposely made false proofs of loss. To these affirmative paragraphs of answer appellee filed a reply in general denial.

The cause was tried to the court without a jury. At the request of both parties it found the facts specially and stated its conclusions of law thereon.

The court concluded the law to be with the appellee, and in accordance therewith judgment was rendered in his favor. Appellant excepted to each conclusion of law, and also within proper time, filed a motion for a new trial which was overruled. The causes for a new trial were: (1) That the decision of the court was not sustained by sufficient evidence; (2) that the decision of the court was contrary to law; and (3) error of the court in permitting to be read in evidence over the objection of appellant a cross-complaint filed in a cause of action pending in the Marion Superior Court, in which the appellant was not a party, and in which it had no interest.

Appellant appeals, assigning as errors for reversal that the court erred in each conclusion of law and in overruling its motion for a new trial.

It is appellant's first contention that inasmuch as the appellee's cause of action is founded upon an unequivocal insurance contract, in which he was alleged to be the unconditional owner of the automobile which was destroyed, at the time of the issuance of the policy and at the time of the loss, and his complaint alleged such to be the fact that it was necessary for appellee to prove, and for the court to find as an ultimate fact, that at the time of the destruction of the automobile by fire the appellee was the unconditional owner thereof; that there is no such finding of fact in the record, and therefore, the court erred in its conclusions of law.

The special finding of facts must contain all the facts necessary to a recovery by the party in whose favor the conclusions of law are found. On appeal all facts not embraced in the special finding will be regarded as not proved by the party having the burden of the issue, and the failure to find a fact essential to recovery is equivalent to a finding against the party having the burden of proving the

same. *Maloney* v. *Home, etc., Co.* (1933), 97 Ind. App. 564, 186 N. E. 897, 187 N. E. 682; 2 Watson's Works Practice, §1594, and authorities there cited.

The finding of facts made by the court in this case contains twenty-one separate paragraphs. An examination discloses that many of these paragraphs contain evidentiary facts but fail to state ultimate facts. Under Sec. 2-2102, Burns 1933, §360, Baldwin's Ind. St. 1934, a special finding should consist of a statement of the ultimate facts from which the trial court determines the legal rights of the parties to the action. In passing on a finding of facts to ascertain its sufficiency to support the conclusions of law, statements of evidence or findings of mere evidentiary facts must be regarded as surplusage. *Eckart* v. *Fort Wayne, etc., Co.* (1914), 181 Ind. 352, 104 N. E. 762; *Horn* v. *Lupton* (1914), 182 Ind. 355, 105 N. E. 237, 106 N. E. 708.

If the finding of an evidentiary fact is of such a character as to involve necessarily the existence of the essential or ultimate fact, then the failure to make the ultimate finding may be immaterial. But when the existence of the evidentiary fact is not inconsistent with the non-existence of the ultimate fact, or is equivocal or doubtful, the trial court must resolve the doubt by a direct finding of the ultimate and decisive fact. This is a duty resting upon the trial court. In the instant case there was a failure in this respect, and as the record comes to us, this court is not at liberty to weigh the evidence and evidentiary facts embraced within the special finding and from them determine that they are sufficient to show ownership of the automobile in the appellee, for the evidentiary facts are equivocal, doubtful, and not inconsistent with the non-existence of the ultimate fact, that the appellee was the owner of the automobile at

the time of its destruction. We must therefore treat the finding as against appellee upon this point. *Young* v. *Berger* (1892), 132 Ind. 530, 32 N. E. 318; *Kingan and Co.* v. *Maryland, etc., Co.* (1917), 65 Ind. App. 301, 115 N. E. 348.

Appellee's complaint was predicated upon the theory that he was the owner of the automobile at the time of its destruction. This was a material allegation. The burden of its proof was upon appellee, and in order to sustain a recovery in his behalf, it was necessary for the court to find his ownership as alleged in the complaint as an ultimate fact. *Milwaukee Fire Ins. Co.* v. *Todd* (1904), 32 Ind. App. 214, 67 N. E. 697; *Live Stock, etc., Co.* v. *Steckler* (1917), 64 Ind. App. 191, 115 N. E. 691; *Newark, etc., Co.* v. *Martinsville, etc., Co.* (1920), 74 Ind. App. 14, 128 N. E. 616.

The court erred in its conclusion of law and the judgment will have to be reversed. We feel that justice will be best subserved by a new trial of this cause, and for that reason do not consider the alleged errors of which appellant complains in its motion for a new trial, in as much as they may not again occur upon a retrial of the cause. The judgment is therefore reversed with instructions to grant a new trial.