[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS STRIKE # 108
The following facts are taken from the plaintiff's complaint and are undisputed by the defendant. On July 24, 1991, the predecessor in interest to the defendant First Union Bank of Connecticut, Union Trust Company (Union Trust), initiated an action to foreclose a parcel of property located at 220 Sheridan Street in Bridgeport. Union Trust applied for the appointment of a receiver of rents, and on October 11, 1991, a receiver was appointed. On January 24, 1994, the court granted a motion to substitute the plaintiff, Multi-Unit Services, Inc., as the receiver of rents.
The plaintiff alleges that it performed the duties of a property manager until October 11, 1995. At that time, the plaintiff ceased performing services in connection with the property because it learned that the city of Bridgeport had commenced a foreclosure action upon the property and that the defendant did not intend to pursue its foreclosure action. The plaintiff now alleges that it is owed payment for services rendered.
On April 8, 1997, the plaintiff filed a three count complaint alleging unjust enrichment, breach of contract, and a violation of the Connecticut Unfair Trade Practices Act, General Statutes 42-110a et seq. (CUTPA). The defendant has filed a motion to dismiss counts one and two of the action for lack of subject matter jurisdiction, or in the alternative, to strike counts one and two for failure to state a claim upon which relief can be CT Page 667 granted. The defendant also moves to strike count three for failure to state a claim upon which relief can be granted.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
The defendant argues that the court should dismiss the first and second counts of the plaintiff's complaint for lack of subject matter jurisdiction because the plaintiff has failed to obtain the permission of the court prior to instituting the present suit. The plaintiff responds that there is no requirement that the plaintiff obtain permission because its action is founded in unjust enrichment and quasi-contract.
"In the absence of statutory authority, the general rule is that a receiver can neither sue nor be sued without leave of the court which appointed him." 66 Am.Jur.2d 268, Receivers § 465 (1973). "However, where the receiver has stepped outside the authority granted by the court or does things in a personal capacity, and not as a receiver, so that he can be sued as an individual, leave of the court is not necessary. . . . And where a cause of action did not exist when the receiver was appointed, but accrued to the receiver in the progress of administration, and he properly brought suit in his individual capacity, it was not necessary for him to obtain an order of the court granting leave to sue." Id., 269.
In Pouder v. Catterson, 127 Ind. 434, 434-35, 26 N.E. 66
(1891), a receiver, during the course of his administration of the property, leased the property to another party. Subsequently, the receiver brought an action to recover possession from the tenant, alleging that the tenancy had expired. Id., 435. The court held that permission to sue the tenant was not necessary because a receiver need not obtain permission prior to instituting a "suit upon a contract made with him, or upon an obligation due to him as such." Id. In Stephenson v. Golden,279 Mich. 710, 764, 276 N.W. 849 (1937), the court stated: "The contract upon which suit is brought, whether considered as express or implied, came into being as the result of the mutual CT Page 668 acts of the receiver, qua receiver, and the defendant. . . . In this situation, it is only reasonable to consider the receiver, at least for purposes of obtaining the rent, or the charge for use and occupation, as having legal title to that for which he brought suit; and such being the case, it follows that it was not necessary for the receiver, before beginning suit, to obtain special authority or an express order of the court." (Internal quotation marks omitted.)
Here, the plaintiff's claims are based upon the theory that the plaintiff is entitled to receiver's fees. In count one, the plaintiff alleges that the defendant was unjustly enriched because the defendant has not paid the plaintiff's receiver's fees. In count two, the plaintiff alleges a cause of action sounding in contract, alleging that the defendant agreed to pay receiver's fees.[1]
"In the absence of a statute fixing it, the compensation of a receiver is to be fixed by the court which appointed him, and its action is presumptively correct; and the amount is not to be fixed, without the authority and approval of the court, by the receiver himself or by an agreement between the receiver and a purchaser of assets. An agreement between a party and a proposed receiver respecting the amount of the receiver's compensation will be closely scrutinized by the court, and if there is no overreaching, the court may properly respect and enforce its terms, but such an agreement is not binding on the court. . . . [T]he amount of a receiver's compensation is within the sound discretion of the court. . . ." (Emphasis added.) 75 C.J.S. 1059, Receivers § 388(a)(1952).[2] "Courts generally are vested with large discretion in determining who shall pay the cost and expenses of receiverships. The court may assess the costs of a receivership against the fund or property in receivership or against the applicant for the receivership, or it may apportion them among the parties, depending upon the circumstances." 66 Am.Jur.2d, Receivers § 298 (1973).
Accordingly, the plaintiff's alleged entitlement to receiver's fees does not arise from a private contract entered into between the plaintiff and defendant. See 75 C.J.S. 1059, Receivers § 388 (a)(1952) (an agreement respecting the amount of receiver's fees is not binding on the court). Rather, the alleged right to compensation results from the performance of the receiver's public duty as receiver. See id. (the amount of receiver's fees is within the discretion of the court). Therefore, it is apparent CT Page 669 that the plaintiff must obtain judicial permission prior to instituting a separate cause of action to recover receiver's fees. See 66 Am.Jur.2d 268, Receivers § 465 (1973) (the general rule is that a receiver may not sue without leave of the court that appointed it).
The defendant further argues that the plaintiff must have obtained permission from the court within the suit in which the plaintiff was appointed receiver prior to bringing the present action. In response, the plaintiff argues that bringing an application for receiver's fees within the suit originally appointing the plaintiff as receiver would serve no purpose because the city of Bridgeport has foreclosed on the subject property in a separate suit, and the original suit no longer has jurisdiction over the property.
The plaintiff's argument is unavailing. In Connecticut, an application to sue must be made within the suit in which the receiver was appointed. "A receiver appointed by judicial authority cannot, in the absence of a statute to the contrary, be subjected to suit without the leave of the court whose officer he is, granted in the cause in which he was appointed. He is presumed to be acting according to the will of that court; and to sue him is necessarily to bring in another court to take part in the disposition of that estate which has been put in his charge. The rule that where a court has once acquired jurisdiction over a particular subject-matter, it retains it free from interference by any other court, is that which governs." (Emphasis added; internal quotation marks omitted.) Hartford Federal Savings Loan v. Tucker, 13 Conn. App. 239, 244, 536 A.2d 962, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988). Accordingly, the court finds that the receiver must bring an application to sue within the suit in which the receiver was originally appointed.
Moreover, even if the plaintiff is correct in asserting that the suit in which it was appointed as receiver no longer has jurisdiction to assess the property, the court may assess the applicant for the receivership, or the other parties, in order to pay the receiver a fair and reasonable compensation. See 66 Am.Jur.2d, Receivers § 298 (1973). When a receiver is appointed in a foreclosure action to take charge of the property, he holds it as an "arm of the court" on behalf of all who may establish an interest in the property. See Hartford Federal Savings LoanAssn. v. Tucker, 196 Conn. 172, 178, 491 A.2d 1084 (1985). The receiver continues to be responsible to the court until a CT Page 670 discharge and a final accounting with the court occurs. SeeSecurity Mutual Life Ins. v. Kings West, Ltd., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 332725 (July 9, 1998, Skolnick, J.). Therefore, it is clear that prior to a discharge of the receiver and a final accounting, the receiver must apply to the court in the suit in which it was appointed to obtain permission to institute a separate cause of action. Here, although a discharge of the receiver and a final accounting has not occurred, the plaintiff did not apply within the suit that appointed it as receiver prior to bringing the present action. Accordingly, because the plaintiff cannot bring this action, the court should dismiss counts one and two for lack of subject matter jurisdiction.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors v. Fusco Corp. , 231 Conn. 381, 383
n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
The defendant argues that count three fails to state a cause of action for a CUTPA violation because the plaintiff does not state additional facts in count three, but solely incorporates conduct that is alleged in counts one and two. As stated above, a receiver must obtain permission prior to instituting an action alleging that the defendant has failed to pay receiver's fees. See 66 Am.Jur.2d 268, Receivers § 465 (1973). Here, in count three, the plaintiff does not state additional facts, but solely alleges that the conduct alleged in counts one and two, in which the plaintiff alleges that the defendant failed to pay receiver's fees, states a claim for a CUTPA violation. As discussed earlier, the court has not granted the plaintiff permission to sue the defendant based upon its alleged misconduct in failing to pay receiver's fees. Therefore, that the plaintiff has not adequately stated a claim for a CUTPA violation and the court should strike count three.
For the foregoing reasons, the defendant's motion to dismiss counts one and two, and the defendant's motion to strike count three, are granted. CT Page 671
SKOLNICK, J.