CHARLES N. ALLEN *vs.* MASSACHUSETTS MUTUAL ACCIDENT ASSOCIATION.

Worcester.    September 28, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Accident Insurance — Contract — Evidence.*

In an action on an alleged contract of accident insurance a verdict is rightly directed for the defendant company on the ground that no contract was made, if the defendant, having received the application from its agent, and having been intending to accept it, changed its intention when it heard of the accident, as it had a right to do ; and evidence offered by the plaintiff to prove that the agent told him when he signed the application that he was insured from that moment is rightly excluded, if by the terms of the application the agent had no power to accept it ; and declarations of the agent to a third person as to his receiving the policy just before the accident, and as to his returning it to the company after learning thereof, are also inadmissible, as they are in the nature of hearsay.

CONTRACT upon a policy of insurance against accident. Trial in the Superior Court, before *Gaskill*, J., who directed a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*W. A. Gile & C. T. Tatman,* for the plaintiff.

*A. E. Denison,* for the defendant.

HOLMES, J. On July 31, 1895, the plaintiff signed an application for seven thousand five hundred dollars, death benefit, and thirty-seven dollars and a half, weekly indemnity, and delivered it to a local agent of the defendant in Worcester, paying him seven dollars and a half. The agent said that the application would be sent on that afternoon, and that the policy would be delivered the next day. By the eighteenth clause, the plaintiff agreed that the defendant should not be liable before the receipt and acceptance of the application by the secretary in Boston, and that it was not responsible for money paid to any one other than the treasurer in Boston, or those authorized by him in writing, the certificate fee excepted. The application was received by the company in Boston on August 1, the accident occurred on August 2, and on August 3, after the defendant had learned of the accident, a letter was written by it to the agent declining the plaintiff's application, and offering insurance to a less amount. No acceptance had been communicated to the plaintiff at an earlier date.

On these facts it is plain that no contract had been made, and that the judge was right in directing a verdict for the defendant. Even if the defendant had received the application and had been intending to accept it, and had changed its intention when it heard of the accident, it had a perfect right to do so. The application had some minutes made upon it at the home office, but these only briefly noted the accident and the above mentioned letter to the agent. They did not show an acceptance.

Besides the above mentioned statement of the agent, that the policy would be delivered on August 1, the plaintiff offered to prove that the agent told him when he signed the application that he was insured from that moment. This evidence was excluded, and rightly. The eighteenth clause of the application signed by him told the plaintiff, by construction, that the agent had no power to accept it; and even if the agent had had all the powers of the defendant, it would not have been permissible to override the plaintiff's express written agreement by contemporaneous talk. *Batchelder* v. *Queen Ins. Co.* 135 Mass. 449. The contract on which the plaintiff had to recover, if at all, was

an acceptance of his application. The conversation did not tend to prove any other.

The evidence * of what the agent had said to a third person as to having received the policy was hearsay.

*Exceptions overruled.*

---

* The evidence offered was that the agent had said to one Hubbard, on the day after the accident, that he had received the policy on the afternoon of August 1, and that, upon reading in the next morning's paper an account of the accident, he had sent the policy back to the company in Boston, and that the plaintiff had no knowledge of such a disposition of the policy.