KINGAN & COMPANY (LIMITED) *v.* SILVER ET AL.

[No. 2,727.   Filed April 4, 1899.]

APPEAL AND ERROR.—*Law of Case.*—Where by the undisputed evidence a case is made identical with that stated in a complaint in a former appeal held to constitute a cause of action, the former opinion constitutes the law of the case, and must be followed in the subsequent appeal.

From the Marion Circuit Court.   *Reversed.*

*Lucius B. Swift*, for appellant.

*T. J. Terhune*, for appellees.

ROBINSON, J.—On the former appeal of this case the complaint was held good, and the judgment was reversed with instructions to overrule the demurrer. *Kingan & Company* v. *Silvers*, 13 Ind. App. 80. Each appellee then filed an answer to which appellant replied. The case was tried by the court.

The complaint is set out in the former opinion. Appellees' answers were alike, except one setting up suretyship, which is not questioned on this appeal.

The answers allege that Nichols was appellant's traveling salesman; that he secured the execution of the note in suit, and while conveying it to appellant altered it, without the knowledge or consent of appellees; that the alteration consisted in striking out the words "after maturity," and inserting the words "from date," so as to make the note read "with eight per cent. interest from date." All these facts are averred in the complaint.

The answers further allege that Nichols was a general agent with authority to make collections, take notes and security, and fix the terms and conditions of such notes, and that he was authorized as a part of his duty as such general agent to obtain the note in suit.

The manager of appellant at the time in question was the only witness introduced at the trial, and all the evidence

given in the case is undisputed. This witness testified that Nichols' duties were to travel in certain territory, visit customers regularly and sell goods at the prices given him upon the usual terms of thirty days credit, or one per cent. discount for cash; that he had no authority whatever to take notes for accounts, or make settlements with customers; that in this particular case he was instructed by the witness to secure the note of William F. Silver with James Silver as surety; that nothing was said in the instructions about interest, nor was interest taken into consideration; that he was instructed to take a note at sixty or ninety days; that he never took notes for appellant without special instructions. The contract of employment introduced in evidence shows that he was employed to solicit trade and make sales only.

The answers also allege that appellant accepted the note in suit in its altered form, and ratified the alteration by demanding the additional interest, and by bringing suit on the note in its altered condition.

It was admitted on the trial that after taking the note, and altering, as averred, Nichols returned it to appellant who afterwards presented it to appellees for payment in its altered form; that appellees thereupon notified the attorney who held it for collection that it had been changed; that, subsequently, appellant has demanded payment of the note only in its original form, and that such notification was the first notice that any one connected with appellant, except Nichols, had of the alteration. The answers also state that the alteration was made with a fraudulent purpose, and the opinion on the former appeal so holds.

The answers further allege that Nichols received as compensation a certain per cent. out of sales made, namely ten per cent. and in case sales were made by him which were not collectible he was to and did sustain ten per cent. of such loss. We fail to see how the matter of compensation has any bearing on the case. By the contract of employment he was to receive a certain per cent. on sales, and when this per

cent. had reached $1,500 he was to bear fifty per cent. of actual loss through bad debts; that he was guaranteed $1,500 per year, in any event, and that he was to bear no loss from bad debts until his commissions should net him that sum, and he was to have the benefit of commissions over that sum. There is no evidence whatever to show that his compensation for the year exceeded $1,500. He was to have that sum in any event. There is no evidence to show that he had any concern in making the note bear interest, nor is there any evidence to show that he would have borne half the loss if the account for which the note was given had been uncollectible.

So that it is seen that the case made by the undisputed evidence is, in legal effect, identical with that stated in the complaint, which this court held on the former appeal stated a cause of action. However much we might doubt the correctness of that opinion, it is the law of the case, and must be followed, right or wrong. *Dipert* v. *Jones*, 4 Ind. App. 158; *Terre Haute, etc., R. Co.* v. *Baker*, 4 Ind. App. 66; *Lillie* v. *Trentman*, 130 Ind. 16, and cases there cited; *Nickless* v. *Pearson*, 126 Ind. 477; *City of Logansport* v. *Humphrey*, 106 Ind. 146.

The decision on the former appeal requires the granting of a new trial. Judgment reversed.

Wiley, J., absent.