## POSEY COUNTY FIRE ASSOCIATION *v.* HOGAN.

[No. 5,631.   Filed April 17, 1906.]

1. INSURANCE.—*Contracts.—Oral.—Validity.*—Oral contracts for insurance are valid.   p. 576.

2. SAME.—*Contracts.—Oral.—Essentials.*—Oral contracts of insurance must contain the essentials of a written contract therefor and must be enforceable by both parties.   p. 576.

3. PLEADING. — *Complaint. — Insurance. — Oral Contracts.* — A complaint upon an oral contract of insurance, showing the plaintiff's application, description of property, title, amount, period, agreement for policy in usual form, loss, demand for policy and performance of conditions by plaintiff, is sufficient.   p. 577.

4.  PLEADING. — *Complaint.* — *Insurance.*—*Oral Contracts.*—*Exhibits.*—In a complaint upon an oral contract of insurance an exhibit of the usual form of policy, alleged to have been contracted for, is unnecessary and adds nothing to the complaint. p. 578.

5.  INSURANCE. — *Contracts.*—*Oral.*—*Consideration.*—A promise by assured to pay his proportion of the losses of a mutual fire company is a valid consideration for a parol contract of insurance.  p. 578.

6.  SAME.—*Contracts.*—*Oral.*—Where the evidence shows that the husband's guardian had such husband's property insured in defendant mutual fire company; that upon such husband's arrival at majority he conveyed said property to his wife; that his policy was delivered to the secretary of such company, who had power to issue policies, and a notice of such conveyance was given and a request made for a new policy to be issued to the wife, which request was granted, but such new policy was not issued before the loss complained of, such wife can recover for such loss.  p. 578.

7.  SAME.—*Mutual Fire.*—*Appraisement.*—*By-Laws.*—Where the guardian of a husband has such husband's property insured, and during the life of such policy the husband conveys same to his wife and requests such company to issue a new policy to her, in lieu of the old policy, which the secretary, with power to issue policies, agrees to do, a new appraisement is not necessary, though the by-laws of such company require an appraisement with each policy, no deterioration being shown.  p. 581.

8.  SAME.—*Mutual Fire.*—*Payments of Premiums.*—*Conditions Precedent.*—Assured in a mutual fire company is not required as a condition precedent to pay his premium until a delivery of the policy.  p. 581.

9.  TRIAL.—*Instructions.*—*How Considered.*—Instructions should be considered as an entirety and if they fairly present the case to the jury, no reversible error is committed.  p. 582.

10. APPEAL AND ERROR.—*Right Result.*—Where the trial court reached a right result, its judgment will not be disturbed on appeal.  p. 582.

From Posey Circuit Court; *Alexander Gilchrist,* Special Judge.

Action by Zillah Hogan against the Posey County Fire Association.  From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*Daniel O. Barker, Frederick P. Leonard* and *George F. Zimmerman,* for appellant.

*G. V. Menzies* and *Herdis F. Clements,* for appellee.

WILEY, J.—Action by appellee against appellant upon a breach of an alleged oral contract for insurance. Complaint in two paragraphs, to each of which a demurrer was overruled. Answer in denial. Trial by jury. Verdict and judgment for appellee. Motion for new trial overruled.

Overruling the demurrer to each paragraph of complaint, and the motion for a new trial are assigned as errors.

The first paragraph of complaint avers that appellant is a corporation organized and doing business as an insurance company under and by virtue of the laws of this State; that on November 9, 1901, appellee applied to appellant for insurance against loss by fire or lightning on a two-story frame dwelling-house, etc., describing its location; that it was the property of appellee, and that she applied for insurance thereon in the sum of $800; that appellant, in consideration of appellee's paying any amount assessed against her, in proportion to the amount of insurance on said property, for the benefit of any member of the association who should sustain a loss by fire or lightning, agreed to insure appellee from 12 o'clock, noon, on November 9, 1901, to 12 o'clock, noon, on November 9, 1906, and to execute and deliver to appellee, within a reasonable time, its written policy of insurance therefor "in the usual form of policy issued by it;" that on January 17, 1902, said property, which belonged to appellee, and was of the value of $800, was totally destroyed by fire, to her loss, etc. It is also averred that, though demanded so to do, appellant neglected and refused, and still neglects and refuses, to execute said policy in writing, pursuant to said agreement. It is also averred that appellee performed all the conditions of said contract to be performed by her,

and before the commencement of this action notified appellant of the loss. A copy of the form of insurance in use by appellant is filed as an exhibit with this paragraph. There is no substantial difference between the two paragraphs, and it therefore is unnecessary to refer to the remaining one.

The objections urged to the complaint are that neither paragraph alleges a payment of the premium, or an agreement to pay, or any definite understanding in regard to credit, or a waiver of the premium.

It has long been settled that an oral contract for insurance is valid. *Commercial Mut. Marine Ins. Co.* v. *Union Mut. Ins. Co.* (1856), 19 How. 318, 15 L. Ed. 636; *Franklin Ins. Co.* v. *Colt* (1874), 20 Wall. 560, 22 L. Ed. 423; *Potter* v. *Phoenix Ins. Co.* (1894), 63 Fed. 382; *Eames* v. *Home Ins. Co.* (1876), 94 U. S. 621, 24 L. Ed. 298; *Relief Fire Ins. Co.* v. *Shaw* (1876), 94 U. S. 574, 24 L. Ed. 291; *New England, etc., Ins. Co.* v. *Robinson* (1865), 25 Ind. 536; 16 Am. and Eng. Ency. Law (2d ed.), 852, and authorities cited.

In the volume last cited, at page 849, it is said: "The agreement of the parties must include all the elements and terms essential to the existence of the contract. If the parties have not agreed on the subject of insurance, the limit and duration of the risk, the perils insured against, the amount to be paid in the event of a loss, the rate of premium, or upon any other element or term which may be peculiar to the particular contract, whatever may have been the negotiations or propositions passing between them, these have not reached the form and obligation of a subsisting contract. In other words, the negotiations must leave nothing open for future determination, but must attain the condition of a definite and complete agreement, binding the insured to pay the premium though the loss does not happen, as well as binding the insurer to pay the amount insured if the loss does happen." In support of the text just quoted numerous authorities are

cited, to which we refer without exhibiting them here. In 1 May, Insurance (4th ed.), §27, the rule is declared to be that a parol contract of insurance must have all the requisites of a written contract, to wit, subject-matter, the risks insured against, the amount insured, the duration of the risk, and the premium of insurance, and that a want of any of these facts is fatal.

Another author states the rule to be that no averment should be omitted from the complaint upon which plaintiff bases his claim, or by means of the proof of which it is necessary for him to recover. 4 Joyce, Insurance (4th ed.), §3666. See, also, *Trask* v. *German Ins. Co.* (1894), 58 Mo. App. 431; *Perry* v. *Phoenix Assur. Co.* (1881), 8 Fed. 643. Ostrander, Fire Insurance (2d ed.), §415, states the rule to be that a complaint upon a contract of insurance should set forth the insurance, payment of premium, interest in the property insured, loss, and in what manner it occurred, performance of the conditions, or facts which would excuse performance, etc. It is also declared to be the rule that the premium must either be actually paid, or exist as a valid debt against the insured, in order to make the contract complete and enforceable. Ostrander, Fire Insurance (2d ed.), §8, p. 27; *Sandford* v. *Trust Fire Ins. Co.* (1845), 11 Paige 547.

Recurring to the complaint we find that the contract sued upon rests upon the following elements: (1) Appellee's application for insurance; (2) description of the property to be insured; (3) title of the property in appellee; (4) the amount of insurance applied for; (5) the agreement of appellant to insure appellee's property for a fixed and definite period, in consideration of her paying any amount assessed against her, in proportion to the amount of her insurance on said property, for the benefit of any member of said association who should sustain a loss by fire; (6) appellant's agreement to deliver to appellee, within a reasonable time, its written policy of insurance

in the usual form of policy issued by it; (7) the loss of the property by fire during the term of the insurance period; (8) appellee's demand and appellant's refusal to issue its policy in writing, pursuant to said agreement; and (9) performance on the part of appellee of all the conditions of said contract to be performed by her, and notice to appellant of the loss.

The copy of the form of insurance in use by appellant which is filed as an exhibit to the first paragraph lends no aid to it, because it is not the foundation of the action.

The facts which we have above enumerated as they appear in each paragraph of the complaint constitute a valid contract of insurance, unless it be the absence of a definite allegation as to the premium which appellee was to pay. We think it clear from the complaint that appellant is a mutual company, and while it is not specifically averred that members holding policies therein are assessed in case of loss, yet we may assume that this is true, in view of the allegation that appellant agreed to insure appellee's property in consideration of her paying "any amount assessed against her in proportion to the amount of her insurance on said property, for the benefit of any member of said association who should sustain a loss by fire," etc. In view of the above stipulation, and the averment that appellee performed all the conditions of the contract to be performed by her, we think the complaint is not open to the objections urged against it.

The questions presented by the motion for a new trial relate to the sufficiency of the evidence to sustain the verdict, and to the giving, refusing to give, and modification of certain enumerated instructions. The material facts upon which the rights of the parties must be determined are as follows: Appellee is the wife of Herbert Hogan, whom she married before his majority. John T. Phillips was Herbert Hogan's guardian, and as

such guardian applied to appellant and obtained from it a policy of insurance upon the property in controversy. The policy was dated March 16, 1901, and by its terms covered a period between February 12, 1901, and February 12, 1906. After Herbert Hogan became of age the policy was turned over to him. He subsequently deeded the property to appellee. Appellee is the daughter of Elisha Phillips, who was one of three trustees of appellant company. At the request of appellee, said Phillips called upon the secretary of the company, told him that Herbert Hogan had deeded the property to appellee, and that she wanted a new policy issued in her name. The secretary assured Phillips that a new policy would be issued in appellee's name, and sent to her. Appellee's husband subsequently called on the secretary to see why the policy had not been issued and sent, and the secretary informed him that it was an oversight, and that he would attend to it at once. The secretary was informed by Phillips that appellee wanted the same amount of insurance as was in the old policy, and on the same property. Soon after the secretary was informed in regard to the change in the title of the property, and that appellee desired a new policy to be issued in her name, he made a memorandum upon the books of the company, as follows: "Zillah Hogan. Herbert Hogan. John T. Phillips, guardian Hogan heirs. Farmersville. February 12, 1901. One two-story frame dwelling, summer kitchen, and November 16, 1902, smoke house combined $800 frame. Barn $250. Total $1,050." After the fire the secretary made upon the same book, and immediately following the above, the following memoranda: "February 22, 1902, $800 canceled by fire 00 page 75, $350, total $1,475." The secretary had his attention called to the above memoranda while being examined as a witness, and was asked and answered the following questions: "Now, then, the word Zillah Hogan written up there, what do you mean by that? A. To make a change from Herbert

Hogan to Zillah Hogan. Did you intend to issue her a policy on that? A. That was my intention." Having his attention called to the memoranda on the book, dated February 22, 1902, the witness was asked and he answered the following questions: "Explain this entry to the jury on this book, dated February 22, 1902. A. I put that down to remember that it was the day of the fire. What is that entry there? A. Eight hundred dollars canceled by fire. Whose insurance was canceled by fire? A. On that house. Whose house? A. That would be Zillah Hogan's." By virtue of the constitution of appellant company it is made the duty of the secretary, among other things, to issue and countersign all policies of the association. By the constitution it is made the duty of the trustees, upon being notified of an application for insurance, to appraise the property sought to be insured, and file such appraisement with the secretary. The constitution also provides that any person who resides in a specified district may become a member of the association by signing the constitution and paying eight cents on the hundred dollars on the property sought to be insured. It is made the duty of the secretary to issue to the insured a policy as soon as the appraisement of his property is filed and accepted, and such policy must be signed by the president and secretary. It is also provided that, upon the sale of any property insured, the policy shall at once become null and void. The appellee did not pay or offer to pay, nor was any demand made upon her by appellant to pay, the eight cents on the hundred dollars on the property insured. Neither was any appraisement made of the property after the application for insurance. When the guardian of Herbert Hogan applied for insurance on the same property a short time before, the trustees made an appraisement and fixed the value of the buildings destroyed at $800, and the policy was issued covering that sum. These facts lead to the ultimate conclusion that appellee was led to believe that she had a contract of in-

Posey County Fire Assn. *v.* Hogan—37 Ind. App. 573.

surance with appellant indemnifying her against loss by fire. It is earnestly and ably argued by counsel for appellant that these facts, though admittedly true, do not show that any officer of the company connected with the transaction had any authority to bind appellant by the contract; in other words, that no contract was made because the one trustee and secretary could not bind the company. It is further argued that the trustees, under the constitution, are the only officers who are authorized to bind appellant by such contracts, and that in no event could a valid contract of insurance be entered into until the application of the insured is acted upon by an appraisement and acceptance by the trustees.

In the face of the facts, as exhibited by the record, we can not believe that these objections are well grounded.

7. The provision in the constitution requiring an appraisement to be made by the trustees is evidently for the purpose of protecting the company against over-insurance, or fraud. This property having been appraised but a short time previously, and it not appearing that there had been any deterioration in its value, there was present no necessity for another appraisement.

True, by the terms of the form of the policy issued by appellant, which is in evidence, the insured is required to 8. pay as a premium eight cents on the hundred dollars of the appraisement of his property, and to pay all assessments against him, in accordance with the rules and regulations of the association. Appellee paid neither. But she was under no obligation to pay until the policy was issued and ready to be delivered. Appellant promised to issue the policy, but did not, though requested to do so. 1 Wood, Insurance (2d ed.), §§29, 30; 1 May, Insurance (4th ed.), §§22a, 43c; *Croft* v. *Hanover Fire Ins. Co.* (1895), 40 W. Va. 508, 21 S. E. 854, 52 Am. St. 902. In this case one of the trustees and the secretary acted jointly, and both of them understood that the policy

was to be issued, and also understood the terms upon which it was to be issued. Appellant's secretary was so impressed with this fact that if there had been a loss he would have notified appellee. He so testified. Under the terms of the contract as disclosed by the evidence, there was nothing to be done except to write a new policy in the name of appellee, to conform to the terms of the old policy which became null and void, by reason of the change in title, and this, appellant, through its secretary, promised to do. The evidence amply sustains the verdict.

We have examined the instructions given by the court, those tendered by appellant and refused, and the one given as modified, and, considering them as a whole, we 9. are of the opinion that the jury was properly advised as to the law upon all the material issues in the case. It is possibly true that some of the instructions are subject to criticism, but if so they relate to minor points, and under the evidence could have no controlling influence upon the ultimate result.

As it appears from the evidence that the merits of the cause have been fairly tried and determined, and a correct result reached, under a rule repeatedly affirmed by 10. both the Supreme and this Court, and in obedience to the spirit and letter of the statute, we are required to disregard any intervening errors in giving or refusing instructions. §§401, 670 Burns 1901, §§398, 658 R. S. 1881; *Stanley* v. *Dunn* (1896), 143 Ind. 495.

Judgment affirmed.