# SUPREME LODGE KNIGHTS OF PYTHIAS v. GRAHAM.

[No. 7,479.   Filed March 5, 1912.]

1. INSURANCE.—*Application.—Acceptance.*—An application for insurance constitutes a mere proposal, and becomes a part of a contract only when it is accepted.  p. 537.

2. INSURANCE.—*Acceptance.—Written.—Oral.*—A written application for insurance, together with its acceptance in writing, constitutes a written contract, but where the acceptance is oral, the contract created is oral.  p. 537.

3. INSURANCE.—*Acceptance.—Complaint.—Failure to Allege a Written Acceptance or to set out Application.*—A complaint alleging that the defendant insurance company accepted the assured's application for insurance, and failing to set out such application, is sufficient, the presumption being, in the absence of an allegation that the acceptance was in writing, that it was oral, thereby rendering the entire contract oral.  p. 537.

4. INSURANCE. — *Policies. — Certificates. — Complaint.—Exhibits.*— Where a policy of insurance refers to the application therefor and makes it a part of the policy, it will be construed as a part of such policy; but in a complaint on such policy, it is not necessary to set out such application as an exhibit.  p. 538.

5. INSURANCE.—*Policies.—Complaint.—Exhibits.—Conflicting Dates.* —Where a complaint alleges that the policy sued on was issued on April 11, and the policy set out as an exhibit shows that it was issued on April 12, the date set out in the policy controls in the absence of any allegations of fraud or mistake as to such date.  p. 539.

6. INSURANCE.—*Certificates.—When Liability Attaches.*—Liability does not begin on an insurance certificate until it is issued, unless by the provisions of the contract it takes effect at a date prior to its issue.  p. 539.

7. INSURANCE.—*Beneficial Associations.—Certificates.—By-Laws.*— Where a beneficial association's certificate refers to the by-laws of such association, they become a part of the contract of insurance.  p. 540.

8. INSURANCE.—*Certificates.—When Liability Attaches.—By-Laws. —Beneficial Associations.*—Where a by-law of a beneficial association provided that membership in such association should begin "at twelve o'clock noon on the day on which the application is accepted," and the application of assured was accepted on April 12, liability attached at noon on such day.  p. 540.

9. INSURANCE.—*Parol Contracts.—Instructions.*—An instruction authorizing a recovery on an insurance certificate on the theory that the insurance contract was oral, is not objectionable, where one paragraph of the complaint alleged that the contract was oral. p. 541.

10. INSURANCE.—*Beneficial Associations.—Certificates.—When Liability Attaches.—Evidence.*—Evidence that assured died between six and seven o'clock A. M. April 12, does not support a verdict for his beneficiary, where the only evidence as to the time his certificate took effect was the testimony of two witnesses, one of whom testified that the certificate was issued at Chicago late in the afternoon of April 12, and the other, who was defendant's agent, that he "thought" he had received it by mail at Indianapolis on April 12, "from nine to half past nine" in the forenoon, the statement of the last witness being entitled to no weight whatever. p. 541.

11. APPEAL.—*Weighing Evidence.*—Where there is no evidence in support of some essential fact alleged in the complaint, a verdict for the plaintiff will be set aside. p. 543.

From Warren Circuit Court; *J. T. Saunderson,* Judge.

Action by Etta Graham against the Supreme Lodge Knights of Pythias. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Carlos S. Hardy* and *Stansbury & Billings,* for appellant.
*James C. Odle, John J. Hall* and *Hanly, McAdams & Artman,* for appellee.

LAIRY, J.—This appeal is taken from a judgment recovered by appellee in the Warren Circuit Court upon a contract of insurance alleged to have been entered into by her husband Thomas Marion Bailey and appellant, wherein appellee was the beneficiary, and whereby appellant agreed to pay $1,000 to her on the death of the assured.

The complaint is in two paragraphs, to each of which a demurrer for want of sufficient facts was addressed by appellant and overruled by the court. These rulings are called in question by the assignment of errors.

The first paragraph of complaint does not allege that any certificate or other written contract of insurance was issued

to the assured, but does allege facts showing that a written application for $1,000 insurance was made by Thomas Marion Bailey, which was accepted by appellant on April 11, 1905, and that the assured died on April 12, 1905. On behalf of appellant it is claimed that the acceptance of this written application constituted a written contract of insurance, and that this paragraph of complaint, based thereon, is insufficient, for the reason that such application is not set out therein or filed therewith as an exhibit. If appellant is correct in its contention that the written application to insure became, by acceptance, a written contract, this paragraph of complaint is insufficient on the grounds urged.

The written application constituted merely a proposition on the part of Thomas Marion Bailey to make a contract of insurance with appellant. It could not become a contract binding on the parties until it was accepted by appellant. *Covenant Mut., etc., Assn.* v. *Conway* (1882), 10 Ill. App. 348; *Allen v. Massachusetts Mut., etc., Assn.* (1896), 167 Mass. 18. If accepted in writing, it would become a written contract, consisting of the written proposition and the written acceptance; but if accepted by parol, it would become a parol contract, for the reason that a contract partly in writing and partly in parol is treated as resting entirely in parol. *Louisville, etc., R. Co.* v. *Reynolds* (1889), 118 Ind. 170; *Tomlinson* v. *Briles* (1885), 101 Ind. 538; *Gordon* v. *Gordon* (1884), 96 Ind. 134. As this paragraph does not aver that the written proposition was accepted in writing, the presumption is that the acceptance was oral. As this paragraph proceeds on the theory that the contract of insurance rested in parol, it was not necessary to set out the application or file it as an exhibit. The demurrer was properly overruled.

The second paragraph of complaint is objected to on the grounds (1) that the application for insurance is not filed as an exhibit, and (2) that the certificate of membership

filed as an exhibit, and on which this paragraph is 4. based, shows on its face that it was issued on April 12, 1905, the same day on which the assured died, and that the complaint contains no averment that it was issued before his death.

This paragraph alleges that the application of Thomas Marion Bailey for membership in the endowment rank of appellant order was approved on April 11, 1905, and that a certificate of membership was that day issued to him, which certificate is filed with this paragraph as an exhibit. As the objections before referred to are the only ones urged to this complaint, it will not be necessary to set out in full the averments of the pleading. The certificate of membership filed as an exhibit refers to the application, and states that the membership of Thomas Marion Bailey in the endowment rank is based on evidence received that he is a member in good standing of a subordinate lodge of the order of Knights of Pythias, and on the statements and agreements contained in his application, bearing date of March 29, 1905, and the statements therein certified by him to the medical examiner, which application is filed in the office of the board of control of the endowment rank and made a part of this contract. Appellant contends that as the application is referred to in the certificate and made a part thereof, it became and is a part of the written contract of insurance, and that it should be set out as an exhibit, to be considered and construed together with the certificate of membership for the purpose of determining the legal effect of the contract. The courts of this State have frequently held that the application for insurance, when referred to in the policy, constitutes a part of the contract. *Standard Life, etc., Ins. Co.* v. *Martin* (1893), 133 Ind. 376; *Mutual Benefit Life Ins. Co.* v. *Miller* (1872), 39 Ind. 475; *Cox* v. *Aetna Ins. Co.* (1868), 29 Ind. 586.

While the decisions cited hold that the application constitutes a part of the contract of insurance, and that facts therein stated may be relied on as a defense, they do not

hold that such application must be set out in the complaint or filed as an exhibit. On the other hand, the Supreme Court has held repeatedly that an application for insurance, even though referred to in the policy and made a part thereof, need not be set out as an exhibit to the complaint. This question can no longer be treated as an open one, but must be regarded as settled adversely to the contention of appellant. *Continental Life Ins. Co.* v. *Kessler* (1882), 84 Ind. 310; *Penn Mut. Life Ins. Co.* v. *Wiler* (1885), 100 Ind. 92; *North Western Mut. Life Ins. Co.* v. *Hazelett* (1886), 105 Ind. 212; *Phoenix Ins. Co.* v. *Stark* (1889), 120 Ind. 444; *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379; *Federal Life Ins. Co.* v. *Kerr* (1910), 173 Ind. 613; *Phoenix, etc., Assn.* v. *Horton* (1902), 29 Ind. App. 198; *Indiana Farmers, etc., Ins. Co.* v. *Byrkett* (1894), 9 Ind. App. 443.

As to the second objection urged to this paragraph, we may say that the statement in the certificate of membership, showing that it was issued on April 12, 1905, controls the averment of the complaint that it was issued on April 11, in the absence of any averment showing fraud or mistake as to the date. This proposition is so well settled as to require no citation of authorities to sustain it. In passing on the sufficiency of the complaint, the court must, therefore, treat this certificate as having been issued on April 12, 1905.

The second paragraph of complaint must be regarded as based on the certificate of membership, and as seeking a recovery under its terms and provisions. This certificate would not become effective until issued, and no action can be maintained thereon for any loss which occurred before it was issued, unless, by the provisions of the contract, it is stipulated that the term of insurance shall begin on a date prior to that on which the policy was issued. If, by the terms of the policy sued on, the insurance covers a period antecedent to the actual date of the policy, a recovery may be had thereon for a loss occurring between the time the

risk attached under the provisions of the policy and the date on which it was issued. *American Horse Ins. Co.* v. *Patterson* (1867), 28 Ind. 17; *Hallock* v. *Commercial Ins. Co.* (1857), 26 N. J. L. 268; *Keim* v. *Home Mut., etc., Ins. Co.* (1867), 42 Mo. 38, 97 Am. Dec. 291.

There is no provision in the certificate of membership to the effect that the risk shall attach at any time prior to the date of such certificate; but the certificate expressly

7. refers to the by-laws, and states that the endowment rank will pay to Etta Bailey, wife of assured, the sum of $1,000 out of the endowment fund of the rank, in accordance with and under the laws governing the payment of benefits. A copy of the articles of incorporation and the sections of the constitution and by-laws of the order governing the insurance branch of the defendant organization are filed with this paragraph as an exhibit. The by-laws, when referred to in the certificate of membership, constitute a part of the contract of insurance. *Schmidt* v. *German Mut. Ins. Co.* (1892), 4 Ind. App. 340; *Pfister* v. *Gerwig* (1890), 122 Ind. 567; *Simeral* v. *Dubuque Mut. Fire Ins. Co.* (1865), 18 Iowa 319; *Douville* v. *Farmers Mut. Fire Ins. Co.* (1897), 113 Mich. 158.

Section fifty-two of the by-laws, set out as an exhibit to this paragraph of complaint, is as follows:

"All applications for membership must be sent to the secretary of the board of control direct, ac-
8. companied by the required membership fee, first monthly payment and first instalment of annual dues as hereinafter provided. If the applicant is not accepted, all moneys paid by him shall be returned by the board of control. Membership in the endowment rank shall begin at twelve o'clock noon on the day on which the application is accepted by the board of control, and the applicant shall be rated as of his age at nearest birthday."

By virtue of this by-law an applicant for membership in the endowment rank became a member thereof at noon on

the day his application was approved. His beneficiary became entitled to share in the endowment fund by virtue of this membership, and the certificate was an evidence of such membership. When the certificate is considered in connection with the by-law set out, we think it is apparent that the risk attached at the time the applicant became a member of the endowment rank. It is averred that the application of Thomas Marion Bailey was approved on April 11, and under the provisions of said section fifty-two he became a member of the endowment rank at noon of that day, and, under the terms of the contract sued on, the risk attached at that time. The certificate of membership, considered in connection with the by-laws, shows that the period covered by the insurance was to begin at the time the assured became a member of the endowment rank, and if a loss occurred between that time and the time the certificate was issued, appellant is liable therefor under the terms of its contract.

The next error relied on is the action of the trial court in overruling its motion for a new trial. The causes assigned and relied on for reversal are (1) the court erred in giving instruction four and (2) that the verdict is not sustained by sufficient evidence. There was no error in giving the fourth instruction, for the reason that we have held that the first paragraph of complaint is based on a parol contract of insurance, and the only objection urged to this instruction is that it authorizes a recovery on that theory.

The only question remaining to be considered is the sufficiency of the evidence to sustain the verdict. The evidence for the most part is without conflict. It is admitted that Thomas Marion Bailey was found dead between 6 o'clock and 7 o'clock on the morning of April 12, 1905, and that he died some time after 11 o'clock of the preceding evening. If his application was approved on April 11, he became a member of the endowment rank of the Knights of Pythias at noon on that day, and his beneficiary

is entitled to recover; but if his application was not approved until April 12, he did not become a member of the endowment rank, as under the by-laws the risk would not attach until noon of that day, and his death occurred before that time. Appellant contends that the undisputed evidence shows that this application was approved on April 12, while appellee contends that the evidence is in conflict on this point, and that there is some evidence on which the verdict can rest. Only two witnesses testified on this question. William L. Hunt testified that he was the clerk of the board of control of the endowment rank Knights of Pythias during the months of March and April, 1905; that he first saw the application of Thomas Marion Bailey on April 3, and that it was on that day referred to the medical examiner in chief, and was returned by him on the afternoon of April 11. This witness testified positively that the application was approved late in the afternoon of April 12; that he made the indorsement on the back of the certificate showing that it was approved (and the indorsement itself so shows); that the certificate was then mailed to Mr. Walker at Indianapolis, Indiana. On cross-examination this witness stated that after the application was returned from the medical examiner, he first saw it on April 11 or 12; that after it came into his hands at this time he indorsed on the back of the application the rating, and also the word "Etta," that being the name of the beneficiary, and that these indorsements were made on April 11 or 12. He stated that these memoranda were made simply for convenient reference in writing the certificate, but nowhere in his testimony does he state anything from which it can even be inferred that the application was approved or the certificate written on April 11.

James W. Walker was called as a witness for appellee, and stated that during the months of March and April, 1905, he was general organizer for Indiana, Kentucky and Ohio, soliciting insurance for the Supreme Lodge Knights of Pythias. The certificate of membership issued to Thomas Marion

Bailey was shown to the witness, and he testified that he received it at the city of Indianapolis through the mails. He was then asked to state when he received the certificate at Indianapolis, and in answer made the following statement: "As nearly as I can remember, I thought I had received that on the 12th day of the month, about 9 o'clock; from 9 to 9 :30." Appellee contends that this evidence is in conflict with the testimony of Mr. Hunt, and tends to show that the certificate of membership was mailed in Chicago on the evening of April 11 instead of on the evening of April 12, as stated by Mr. Hunt. It will be observed that this witness does not say that he received the certificate at Indianapolis on April 12. He uses the past tense. He does not say that he thinks at the time he is testifying that it was received on April 12, but he says that he "thought" he had received it on that day. The witness does not state when he thought so, or when, if at all, he ceased to think so; but the statement is pregnant with an admission that he did not think so at the time he testified. The same witness states that on the same day he received the certificate at Indianapolis he made out a check to the local organizer, who took the application of Thomas Marion Bailey, and mailed it on the following day, and that the date of the check so made is April 13, 1905.

If there were some evidence tending to show that the certificate of membership was received in Indianapolis on April 12, the inference could be properly drawn that it was written on April 11 in Chicago; but if this testimony stood alone, uncontradicted by any other evidence, it would not be sufficient to support a finding that this certificate of membership was received in Indianapolis on the morning of April 12.

We recognize the rule that this court will not weigh conflicting evidence, and we are not doing so in this case. We simply hold that the statement of James W. Walker, heretofore set out, is so indefinite and uncertain in its meaning as to be entitled to no weight whatever as evidence. A judgment will be reversed where there is no

evidence to sustain it upon a single essential point, however fully it may be sustained upon all others. *Pittsburgh, etc., R. Co.* v. *Morton* (1878), 61 Ind. 539.

The judgment is reversed, with directions to grant a new trial.