## OHIO FARMERS INSURANCE COMPANY *v.* BELL.

[No. 7,710. Filed November 19, 1912.]

1. INSURANCE.—*Fire Insurance.*—*Parol Contract.*—*Sufficiency.*—A parol contract of insurance in which it was agreed that the subject of insurance was a barn owned by the assured and located at a certain place, that the limit of the risk was three years from and after a certain date, that the peril insured against was loss by fire, that a specified amount was to be paid in case of loss, and that a certain amount was to be paid as premium for the insurance, was sufficient to constitute a valid contract. p. 378.

2. APPEAL.—*Review.*—*Complaint.*—*Sufficiency.*—Where, on appeal, the complaint is found sufficient as against the objection urged, it will be deemed sufficient in other respects. p. 378.

3. APPEAL.—*Briefs.*—*Motion for New Trial.*—Appellant's failure to set out in his brief a copy of the motion for a new trial, or to give its substance, is a waiver of all questions arising thereon. p. 378.

4. APPEAL.—*Review.*—*Judgment.*—*Presumptions.*—Where no error is shown, the judgment of the trial court is presumed to be correct. p. 378.

From Gibson Circuit Court; *Herdis F. Clements,* Judge.

Action by Harker Bell against the Ohio Farmers Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*R. T. Walters,* for appellant.

*Thomas M. McDonald* and *Abram Cole,* for appellee.

LAIRY, J.—This is an appeal from a judgment for $428.24 in favor of appellee. The action was based on a parol contract of insurance.

This court is asked to reverse the case on two grounds: (1) That the lower court erred in overruling appellant's demurrer to the complaint, and (2) that the court erred in refusing to grant appellant's motion for a new trial.

Appellant in its brief fails to point out any specific objection to the complaint. It is suggested, rather than argued, that the averments of the complaint are not sufficiently

specific to show a valid parol contract of insurance.

1. The complaint alleges that the subject of the insurance was a barn owned by plaintiff, and located in Columbia township, Gibson county, Indiana; that the limit of the risk agreed on was three years from and after August 7, 1908; that the peril insured against was loss or destruction by fire; that the amount to be paid in case of loss was $400; that the premium to be paid for the insurance was $9. The contract of insurance, as disclosed by the complaint, was sufficiently specific. *Posey County Fire Assn.* v. *Hagan* (1906), 37 Ind. App. 573, 77 N. E. 670.

2. As no other objection to the complaint is made by appellant, it will be deemed, in other respects, sufficient.

3. The motion for a new trial is not set out in appellant's brief. This court cannot, therefore, without consulting the record, know what causes were assigned. It has been held repeatedly by this court and by the Supreme Court that a failure to set out in the brief of appellant a copy of the motion for a new trial, or to give its substance, is a waiver of all questions arising thereon. *Reeves & Co.* v. *Gillette* (1911), 47 Ind. App. 221, 94 N. E. 242; *Talbott* v. *Town of New Castle* (1907), 169 Ind. 172, 81 N. E. 724.

4. The judgment of the lower court is presumed to be correct, and as no error is shown, the judgment is affirmed.

NOTE.—Reported in 99 N. E. 812. See, also, under (1) 19 Cyc. 600; (2) 3 Cyc. 223; (3) 3 Cyc. 388; (4) 3 Cyc. 418. As to the validity of a parol agreement of insurance, see 69 Am. St. 143; 6 Ann. Cas. 624.