LIVE STOCK INSURANCE COMPANY OF HUNTINGTON, WABASH AND WHITLEY COUNTIES *v*. STICKLER.

[No. 9,270.   Filed April 3, 1917.]

1.   INSURANCE.—*Application.—Necessity of Acceptance.*—Generally an application for insurance constitutes merely a proposition to obtain insurance and does not become a contract binding on the parties until accepted by the insurance company. p. 195.

2.   INSURANCE.—*Contract.—Requisites.*—Unless it is prohibited by statute or it is stipulated that the insurance shall not take effect until the delivery of the policy, or compliance with some other stipulated conditions, there may be a binding contract of insurance on the acceptance by the company of the application, without the issuance of a policy, but in such a case there must be a complete and final agreement by the parties as to all the essential elements of the contract, either by express stipulation or by fair and reasonable intendment from the facts and surrounding circumstances.   p. 196.

3.   INSURANCE.—*Parol Contract.—Validity.*—Contracts of insurance may rest in parol in the absence of a statutory prohibition. p. 196.

4.   INSURANCE.—*Contract.—Requisites.*—To constitute a contract of insurance, either written or parol, the parties must agree upon the subject-matter, the risk insured against, the amount, the duration of the risk and the premium.   p. 197.

5.   INSURANCE.—*Contract.—Estoppel to Deny.—Retention of Premium.*—Where a live stock insurance company, within a reasonable time after the receipt of an application for insurance on a horse, informed the applicant that his policy had not been rejected, but retained the premium paid, the applicant was in possession of all the facts and could not have been misled or deceived to his injury, so that the insurer was not estopped to deny that a contract was made, nor were the circumstances sufficient to show a parol or other contract of insurance.   p. 198.

6.   ESTOPPEL.—*Requisites.—Knowledge.*—Where both parties to a transaction have equal knowledge, or means of knowledge, of all the facts, there can be no valid estoppel.   p. 199.

7.   INSURANCE.—*Formation of Contract.—Acceptance of Proposal.*—The acceptance of a proposal for insurance must be evidenced by some act that binds the party accepting, but any appropriate act which accepts the terms as they were intended to be accepted, so as to bind the insurer, is sufficient to show the concurrence of the parties.   p. 199,

8. INSURANCE.—*Formation of Contract.*—*Retention of Premium.* —*Delay in Acting upon Application.*—The receipt of the premium by the insurer does not necessarily show an acceptance òf an application for insurance, nor does mere delay or inaction in acting upon an application amount to an acceptance thereof. p. 200.

9. INSURANCE.—*Live Stock Insurance.*—*Action.*—*Complaint.*— *Sufficiency.*—Where, in an action against a live stock insurance company to recover on an alleged contract of insurance, the complaint alleged that plaintiff made an application for insurance on a horse and paid the premium in June, that immediately after a meeting of defendant's board of directors in July plaintiff was informed that his application was not rejected and that the company retained the premium until the filing of the suit in September, following the death of the horse in the latter part of July, there being no averments showing that it was the duty of the directors to act upon the application at any particular time or that the delay in so doing was unreasonable, the facts alleged are insufficient to show the existence of a valid contract of insurance or that the insurer was estopped to deny that it had accepted the application. p. 201.

10. INSURANCE.—*Live Stock Insurance.*—*Action on Policy.*— *Findings.*—*Failure to Find Ownership of Property Insured.*— In an action on an alleged contract of insurance to recover for the death of a horse, plaintiff was not entitled to a judgment in the absence of a finding that he was the owner of the horse at the time of its death, where such fact was material under the averments òf the complaint. p. 202.

11. INSURANCE.—*Live Stock Insurance.*—*Action on Policy.*— *Burden of Proof.*—*Findings.*—*Failure to Find.*—*Effect.*—In an action to recover insurance for the death of a horse, the burden was on plaintiff to show that he was the owner of the horse at the time of its death, and the failure of the court to make such a finding was equivalent to a finding against plaintiff as to such fact. p. 202.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Harry O. Stickler against the Live Stock Insurance Company of Huntington, Wabash and Whitley counties. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*George M. Eberhart* and *Sumner Kenner,* for appellant.

*W. A. Branyan* and *Wilbur E. Branyan,* for appellee.

FELT, C. J.—This is a suit by appellee against appellant on an alleged contract of insurance upon a horse belonging to appellee. Issues were formed by a complaint in one paragraph and an answer of general denial. The case was tried by the court and on request a special finding of facts was made, on which the court stated conclusions of law in favor of appellee. Appellant's motion for a new trial was overruled and judgment rendered in appellee's favor for $200, from which appellant appealed and has assigned as errors the following: (1) Overruling appellant's demurrer to the complaint; (2) error in each conclusion of law stated on the special finding of facts; (3) overruling appellant's motion for a new trial.

The complaint alleges, in substance, that on and prior to June 8, 1914, appellant was duly incorporated under the laws of the State of Indiana to insure live stock against death and was then operating in the counties of Huntington, Wabash and Whitley; that one John Brahm was a duly authorized agent of appellant; that the company operated under a mutual plan by which a person became a member by making an application and paying the requisite fee; that on the date aforesaid appellee was solicited by said agent to insure two horses in said company, one of which was a black stallion called "Nigger"; that appellee made application for insurance for $200 on said horse and paid to said agent the sum of four dollars, two dollars of which was the premium for the insurance on said stallion; that the

agent took the application, accepted the money and turned all over to the association at its home office in Huntington, Indiana; that on June 8, 1914, the agent issued to appellee a receipt for four dollars "in payment for membership fee to the Live Stock Insurance Association of Huntington, Wabash and Whitley Counties, Indiana"; that thereafter the next meeting of the directors of said company was held at Huntington, Indiana, in the first week of July, 1914, at which meeting appellee's application was taken up and soon thereafter the association reported to appellee "that the application as to the black stallion 'Nigger' was not rejected by said association. That said plaintiff believed such report and relied thereon and resting under such assurance given to him assumed that his said stallion was duly insured in said association, and relying thereon, made no attempt to get further insurance upon said horse"; that appellant continued to hold the money paid to it by appellee until in August, 1914, and still retains the same, and in the meantime the horse died, whereby appellee suffered a loss of more than $200; that he was the owner of said horse on June 8, 1914, and continued to be the owner until the time of his death; that on August 4, 1914, appellee served a written notice of such loss on appellant and demanded payment, at its principal office aforesaid, which notice was as follows:

"Huntington, Indiana, August 4, 1914.
"To the Live Stock Insurance Association of Huntington, Wabash and Whitley Counties, Ind.
"You are hereby notified that on the 30th day of July, 1914, the black stallion which was insured in your Company, viz., "Nigger", died. The horse was black and was five years old and was insured for $200.00.
"I present herewith a mortuary certificate containing the names of three witnesses, viz., Burnard

Minnick, William Lippencott, Dr. S. D. Bader also signed by O. H. Lancaster, the veterinary surgeon.

"I demand payment for the death loss of the horse, viz., $200.

"If you require any further proof or statement, you will kindly specify what is desired, I will furnish it.

"H. O. Stickler."

That appellant has paid no part of said loss all of which is due; that appellee has done each and everything which it was his duty "to do under his contract in perfecting his insurance."

The memorandum, is in substance as follows: (1) There are no facts alleged to show that John Brahm was authorized to accept applications for membership in the company. (2) There is no allegation that it was the duty of the company to act on an application for insurance at any designated time after such application was received, or that it held appellee's application an unreasonable time without acting upon it. (3) It is not averred that appellee's application for insurance was accepted or approved by the company, nor are any facts averred which show that it waived such provision. (4) The complaint shows that the application was never accepted by the board of directors of the company. (5) It is not averred that appellee's horse was insured by the company.

The general rule is that an application for insurance constitutes merely a proposition to obtain insurance and does not become a contract binding on the parties until accepted by the insurance company. *Supreme Lodge, etc.* v. *Graham* (1911), 49 Ind. App. 535, 537, 97 N. E. 806; *Barr* v. *Insurance Co., etc.* (1878), 61 Ind. 488, 494; *Dorman* v. *Connecticut Fire Ins. Co.* (1914), 41 Okl. 509, 139 Pac. 262, 51 L. R.

A. (N. S.) 873; *Allen* v. *Mass. Mutual Accident Assn.* (1897), 167 Mass. 18, 44 N. E. 1053; *Covenant Mutual, etc., Assn.* v. *Conway* (1882), 10 Ill. App. 348; 25 Cyc 713.    Unless it is prohibited by statute or it is

2.    stipulated that the insurance shall not take effect until the delivery of the policy, or compliance with some other stipulated conditions, there may be a binding contract of insurance on the acceptance by the company of the application, without the issuance of a policy, but before such is the case in any instance there must be a complete and final agreement by the parties as to all the essential elements of such contract, either by express stipulation or by fair and reasonable intendment from the facts and circumstances of the particular case.

Contracts of insurance may rest in parol where there is no statutory prohibition thereof. *Ohio Farmers Ins. Co.* v. *Bell* (1912), 51 Ind. App. 377, 99 N.

3.    E. 812; *Barr* v. *Insurance Co., etc., supra; Supreme Lodge, etc.* v. *Graham, supra; New York Life Ins. Co.* v. *Babcock* (1898), 104 Ga. 67, 30 S. E. 273, 42 L. R. A. 88, 69 Am. St. 134; 1 Joyce, Insurance (2d ed.) §§43-57; 1 Cooley, Briefs on Insurance §§364, 392, 401, 428; Elliott, Insurance §§29, 31; 25 Cyc 714-716.

The complaint charges that appellee paid the premium for insurance on the black stallion; that the agent received it and turned the money over to the company and the company retained it until after the death of the horse on July 30, 1914, and still retains it; that at the meeting of the directors in the first week of July, 1914, appellee's application for insurance was taken up and soon thereafter appellee was informed "that the application as to the black stallion 'Nigger' was not

rejected by said association"; that he relied on such representations and believed his horse was insured.

It is essential to a contract of insurance, whether in writing or parol, that the minds of the parties to the contract shall have met upon the essential elements of such contract, viz.: (1) The subject-matter; (2) the risk insured against; (3) the amount; (4) the duration of the risk; (5) the premium. *Posey Co. Fire Assn.* v. *Hogan* (1905), 37 Ind. App. 573, 576, 577, 77 N. E. 670; *Ohio Farmers Ins. Co.* v. *Bell, supra;* 1 Cooley, Briefs on Insurance §§392, 395; 1 May, Insurance (4th ed.) §§43, 43f; 1 Joyce, Insurance (2d ed.) §§43, 45, 46, 47, 48, 49, 50; Elliott, Insurance §31.

The complaint proceeds on the theory of a right to recover on a parol contract of insurance for it is not alleged that the application was accepted in writing or that any policy or certificate was issued to appellee. There is a general averment in the complaint that appellee did everything necessary to be done on his part to perfect his insurance, but it is not averred that appellant approved his application, but, on the contrary, it is shown that at the meeting of the board of directors in July his application was taken up and shortly thereafter he was informed that it had not been rejected.

Such information shows that there was no effort to deceive or mislead appellee and that he was informed of the exact status of his application, viz.—that it had been taken up by the board and had not been rejected. The only reasonable inference to be drawn from such facts is that the application was still pending before the board without either approval or rejection. This would not indicate a meeting of the minds of the insurer and the applicant and would not show a parol or other contract of insurance.

The complaint does not show that it was the duty of

the board of directors to act upon appellee's application at any particular time, or that the delay in so doing was unreasonable. The allegations do not show the provisions of the application relating to notice to appellee, the approval or rejection of the application or the time within which the insurance should take effect. There is no general averment that the application was approved or that appellant in any way waived such approval or insured the horse for the death of which a recovery is sought. But it is alleged that appellant received the money paid by appellee and retained it "until in August, 1914, and still retains it."

The complaint therefore shows that the application was not formally accepted and seeks to show that by the things done or omitted by appellant, as alleged, appellee had the right to believe that his horse was insured and that appellant is thereby estopped to deny that the horse in question was insured for $200 at the time of its death. This suit was begun on September 6, following the death of the horse on July 30. While the complaint shows that the money paid was retained by appellant up to the time the suit was commenced, it falls short of showing the approval of the application or that appellant had estopped itself to deny that the horse was insured at the time of its death. By making the formal application for membership and insurance by delivering the application and money paid to the agent to be sent to the company, appellee must have known that to obtain insurance it was necessary that the company approve his application or in some way indicate its approval thereof or show that it had in fact insured the horse. Information from the company that the application had not been rejected and knowledge that the premium was retained under the circumstances shown, fall short of showing approval of the application, a parol or other contract

of insurance, or an estoppel of appellant to deny such approval, or that it had in any way insured the horse for the loss of which a recovery is sought.

Appellee had the right to withdraw his application at any time. He was not misled or deceived for he knew the exact status of his application shortly after the meeting of the board of directors in July. By giving this information to appellee, appellant placed him in possession of all the facts and thereby removed the element of estoppel which might have operated against the company had it in any way misled or deceived appellee to his injury while relying on an apparent state of facts known to the company and unknown to him.

6. Elliott, Insurance §§175, 190. Where both parties to a transaction have equal knowledge, or means of knowledge, of all the facts, there can be no valid estoppel. *Silver, Burdett & Co.* v. *Indiana State Board, etc.* (1904), 35 Ind. App. 438, 464, 72 N. E. 829; *Penn, etc., Plate Glass Co.* v. *Schwinn* (1912), 177 Ind. 645, 656, 98 N. E. 715.

7. In Cooley's Briefs on Insurance, (Vol. 1, pages 421 and 422) the learned author says: "The acceptance of a proposal for insurance must be evidenced by some act that binds the party accepting. A mental resolution, that can be changed, is not sufficient. Any appropriate act which accepts the terms as they were intended to be accepted, so as to bind the insurer, is sufficient to show the concurrence of the parties, the meeting of minds. A formal letter of acceptance is not indispensable. *Heiman* v. *Phoenix Mutual Life Ins. Co.* 17 Minn. 153 (Gil. 127), 10 Am. Rep. 154; *Lungstrass* v. *German Ins. Co.*, 40 Mo. 201, 8 Am. Rep. 100.

"But it is not every act that will constitute an acceptance. Thus the receipt of the premium does not

necessarily show acceptance. *Allen* v. *Massa-*
8.    *chusetts Mutual Acc. Ass'n,* 167 Mass. 18, 44 N.
E. 1053; *Mohrstadt* v. *Mutual Life Ins. Co.* 115
Fed. 81, 52 C. C. A. 675.

"So the fact that an official of a railroad company,
without authority, has deducted from the pay of an
employe the dues for a railway relief association, does
not show an acceptance of the employe's application. to
become a member of the association, so as to constitute
a contract of insurance with him. *Baltimore & Ohio
Employes Relief Ass'n* v. *Post,* 122 Pa. 579, 15 Atl.
885, 9 Am. St. Rep. 147, 2 L. R. A. 44." Again on
pages 426 and 427 the same author states that: "The
rule established by the overwhelming weight of author-
ity seems, however, to be that mere delay, mere inac-
tion, cannot amount to an acceptance of the appli-
cation. As said in *Connecticut Mutual Life Ins. Co.* v.
*Rudolph,* 45 Texas 454, the very fact that the insurer
postpones definite action is sufficient to indicate that
there is no acceptance. Even an unreasonable delay in
acting on an application does not amount to an accept-
ance (*Brink* v. *Merchants' & Farmers' United Ass'n*
[S. D.] 95 N. W. 929). Such failure is evidence of
rejection rather than acceptance. This is also the doc-
trine of *New York Union Mutual Ins. Co.* v. *Johnson,*
23 Pa. 72, and *Moore* v. *New York Bowery Fire Ins.
Co.* 130 N. Y. 537, 29 N. E. 757, reversing 55 Hun, 540,
10 N. Y. Supp. 44. In the last case it was said that
silence operates as an assent, and creates an estoppel,
only when it has the effect to mislead. There must
be such conduct on the part of the insurer as would,
if it were not estopped, operate as a fraud on the party
who has taken, or neglected to take, some action to his
own prejudice in reliance upon it."

In *Dorman* v. *Conn. Fire Ins. Co., supra,* the Supreme
Court of Oklahoma said: "Nor does the mere reten-

tion of both application and the premium, without any action thereon, constitute a contract of insurance." While there is some conflict in the decisions, in the cases where there are no stipulations affecting the question, the foregoing statement is supported by the decided weight of authority. *North Western Mutual Life Ins. Co.* v. *Neafus* (1911), 145 Ky. 563, 140 S. W. 1026, 36 L. R. A. (N. S.) 1211, notes and cases cited. *Richmond* v. *Insurance Co.* (1910), 123 Tenn. 307, 130, S. W. 790, 30 L. R. A. (N. S.) 954; *Ross* v. *Insurance Co.* (1899), 124 N. C. 395, 32 S. E. 733; *Winchell* v. *Iowa State Ins. Co.* (1897), 103 Iowa 189, 72 N. W. 503; *Moore* v. *New York, etc., Fire Ins. Co.* (1892), 130 N. Y. 537, 29 N. E. 757; *New York Life Ins. Co.* v. *Babcock, supra;* 1 Joyce, Insurance (2d ed.) §§57, 65; 1 May, Insurance (4th ed.) §§43h, 56; 1 Cooley, Briefs on Insurance 426.

The ultimate question here is, Do the facts alleged show a valid contract of insurance covering the horse of appellee at the time of his death on July 30?

9.  In our judgment the facts averred show neither the acceptance of appellee's application, nor a waiver of such acceptance. Nor are they sufficient to estop appellant from denying that it had accepted such application or that it had insured appellee's horse. It follows therefore that the court erred in overruling the demurrer to the complaint.

In some jurisdictions insurance companies have been held liable for damages for negligent or unreasonable delay in acting on applications for insurance, where it was shown that but for such delay the application would have been approved and the insurance issued in time to have protected the applicant against a loss which occurred to his damage during such period of unreasonable delay. *Duffie* v. *Bankers' Life Assn.* (1913), 160 Iowa 19, 139 N. W. 1087, 46 L. R. A. (N. S.) 25 and notes; *Boyer* v. *Hail Ins. Co.* (1912), 86 Kan. 442,

121 Pac. 329, 40 L. R. A. (N. S.) 164, and notes, Ann. Cas. 1915 A 671; *Dorman* v. *Conn. Fire Ins. Co. supra.* While we do not find a decision in Indiana on the identical question, the decisions of our courts on kindred questions are on principle in harmony with the doctrine above announced. *Indiana Life, etc., Co.* v. *Reed* (1913), 54 Ind. App. 450, 459, 103 N. E. 77, and cases cited.

While the judgment must be reversed for insufficiency of the complaint, the same result would follow from a consideration of the special finding of facts, since there is a failure to find that appellee was the owner of the horse at the time of its death. Under the averments of the complaint this was a material fact, and the burden of proving it rested on appellee. Failure of the court to find the same was equivalent to a finding against appellee as to such fact. *Milwaukee Fire Ins. Co.* v. *Todd* (1903), 32 Ind. App. 214, 218, 67 N. E. 697; *Nelson* v. *McKee* (1912), 53 Ind. App. 344, 347, 99 N. E. 447, 101 N. E. 651.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial; to sustain the demurrer to the complaint, with leave granted appellee to amend the same if he desires to do so, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 115 N. E. 691. Insurance: validity of an oral contract of insurance, 6 Ann. Cas. 624; what constitutes delivery of insurance policy, 138 Am. St. 50; requisites of contract of insurance, 25 Cyc 1516. See under (6) 16 Cyc 741.