STICKLER v. LIVE STOCK INSURANCE ASSOCIATION.

[No. 10,412.   Filed June 23, 1920.]

1. APPEAL.—*Subsequent Appeals.*—*Law of the Case.*—On a second appeal of a cause, any decision made on the first appeal will constitute the law of the case throughout all subsequent stages, whether such decision was right or wrong, no matter what form the question assumes, so long as it is in fact the same question. p. 509.

2. APPEAL.—*Subsequent Appeals.*—*Law of the Case.*—*Directing Verdict.*—Where, on the first appeal of a cause, it was held that the complaint did not state a cause of action because of the absence of certain essential averments, that decision, in making which the court was required to consider not only the facts directly alleged, but also all reasonable inferences deducible therefrom, constituted the law of the case, so that where, on retrial of the cause on an amended complaint containing the omitted averments, the evidence adduced did not establish a state of facts substantially different from those alleged in the original complaint it was proper for the trial court to direct a verdict for defendant, since, under the law of the case, a verdict for plaintiff would not have been sustained by sufficient evidence. p 510.

From Huntington Circuit Court; *Fred H. Bowers,* Special Judge.

Action by Henry Stickler against the Live Stock Insurance Association. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*The Branyans* and *C. W. Watkins,* for appellant.
*Sumner Kenner* and *Arthur H. Sapp,* for appellee.

BATMAN, J.—This is an action by appellant against appellee upon an alleged insurance contract upon a horse belonging to the former. After issues were joined a trial was had, resulting in a judgment in favor of appellant. The cause was appealed to this court where the judgment was reversed. On that appeal it was determined that the complaint did not state a cause of action against appellee, because there was no averment

of any facts showing the acceptance of his application for insurance upon the horse in question, or a waiver of such acceptance, or that appellee was estopped from denying that it had accepted such application, or that it had insured said horse. *Live Stock Ins. Co.* v. *Stickler* (1917), 64 Ind. App. 191, 115 N. E. 691. On a return of the cause to the court below, appellant filed an amended complaint in which it is averred that his application for such insurance was accepted by appellee. This amended complaint was answered by a general denial, after which the cause was submitted to a jury for trial. At the close of appellant's evidence, the court instructed the jury to return a verdict in favor of appellee, which was accordingly done. Appellant filed a motion for a new trial, which was overruled. This action of the court is made the basis of the only error properly assigned on appeal.

The only question for our determination relates to the action of the court in giving to the jury the peremptory instruction stated above. Appellee, in support of the court's action in that regard, contends that the evidence on the last trial fails to establish the identical facts, which the original complaint failed to allege, and because of which this court, on the former appeal, held the complaint insufficient; and that an application of the rule known as "the law of the case" required the trial court to give the instruction in question. Appellant, on the other hand, contends that such rule is not applicable, and that the issues should have been submitted to the jury for its determination. The law is well settled that, on a second appeal of a cause, any decision made on the first appeal will constitute the law of the case throughout all subsequent stages, whether such decision was right or wrong. *Lillie* v. *Trentman* (1891), 130 Ind. 16, 29 N. E. 405; *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 45 N. E. 470,

And this is true, no matter what form the question assumes, so long as it is in fact the same question. *Forgerson* v. *Smith, Admr.* (1885), 104 Ind. 246, 3 N. E. 866; *Brunson* v. *Henry* (1898), 152 Ind. 310, 52 N. E. 407; *Board, etc.* v. *Bonebrake, supra.*

The substance of the original complaint, which this court held did not state facts sufficient to constitute a cause of action against appellee, is set out in the opinion on the former appeal. The record before us discloses that the facts which the evidence on the last trial tends to establish do not differ in their legal effect from the facts alleged in said original complaint. Appellant does not contend otherwise, but asserts that such facts are subject to certain inferences, which, if drawn, would have supplied the material facts not directly proved, and for that reason the issues should have been submitted to the jury for its determination. Whether such facts are subject to the inferences for which appellant contends is no longer an open question, as this court, in passing upon the original complaint, determined that they were not. This is true for the reason that the court, in determining the sufficiency of said original complaint, was required to consider not only the facts directly alleged, but also all facts that could be inferred from the allegations made, by fair and reasonable intendment, and to give such facts so impliedly averred, if any, the same force as if directly stated. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99. The court will be presumed to have done its duty in that regard, and hence the decision so made became the law of the case, and must be adhered to by this court, as well as the trial court, regardless of the manner in which the same question arises, and of any opinion we may have as to the correctness of such former decision. This rule was clearly stated and applied in the case of *Kingan*

*& Co.* v. *Silver* (1899), 22 Ind. App. 159, 53 N. E. 429, wherein a complaint had been held sufficient on a former appeal, and this court, after reviewing the evidence on the second appeal, said: "So that it is seen that the case made by the undisputed evidence is, in legal effect, identical with that stated in the complaint, which this court held on the former appeal stated a cause of action. However much we might doubt the correctness of that opinion, it is the law of the case, and must be followed, right or wrong." Applying the same rule to the instant case, we must hold that, since the facts alleged in the original complaint, together with all reasonable inferences deducible therefrom, are insufficient to constitute a cause of action against appellee, as this court in effect held on the former appeal, a verdict resting solely on such facts and inferences would not be sustained by sufficient evidence, and hence the instruction in question was properly given. Failing to find any error in the action of the court in overruling appellant's motion for a new trial, the judgment is affirmed.